FIELDER BOWIE vs. RICHARD JONES USE OF EDWARD M. LINTHICUM.—*December* 1843.

A release under the insolvent laws pleaded and relied upon as a defence in bar of the action, and upon an issue joined on a denial of the truth of the plea, when offered in evidence, is said to come incidentally in question.

The jurisdiction of the county courts in relation to insolvent debtors is limited, but in support of a release under the acts relating to them, all that is necessary to be shown, is that the case made by the record of the release is within the limited jurisdiction, and then the judgment would be just as obligatory and conclusive as if the judgment were one of a court of general jurisdiction.

The release of an insolvent debtor is an exception to the principle, that where the course of procedure is pointed out by statute, the proceedings must show their conformity with the act by which they are authorised.

Under the act of 1805, ch. 110, the presentation of a petition by a party in confinement was alone necessary to give jurisdiction, and since the proof of confinement has been dispensed with by the act of 1830, ch. 130, the jurisdiction of the county court attaches by the presentation of a petition such as is prescribed by the acts in relation to insolvent debtors.

A single judge is empowered to act upon the petition of an insolvent debtor, in the recess of the county court, and hence the application for relief made in conformity to the statutes is depending in point of law, from the time of its presentation to the judge, though not filed with the clerk of the court.

Either the county court, or a judge thereof in the recess of the court, may grant a personal discharge, appoint a trustee, and take a bond.

Where the release of an insolvent debtor comes incidentally in question, it cannot be avoided upon the ground, that the insolvent had a prior application depending at the time of the one under which he obtained his final discharge.

Where the jurisdiction of a court once attaches, and the court proceeds to final judgment, the same judgment, coming incidentally in question, is to be respected.

Where the county court maintained the invalidity of an insolvent debtor's release relied upon in bar of the plaintiff's action, and the jury found accordingly, and also, that the insolvent since his release had obtained goods, &c., by descent, &c., in his own right; this court disagreeing with the county court and holding the release valid, will award a procedendo to try the question of subsequent acquisition by the debtor within the exceptions of the act of 1805, ch. 110.

APPEAL from *Prince George's* County Court.

This was a *Scire Facias*, sued out on the 28th August 1835, to revive a judgment of *Prince George's* county court, render-

ed at October term 1826, in favor of *Richard Jones* against the appellant.

The defendant appeared, and it was "agreed that the plea of the defendant's discharge under the insolvent laws of this State may be put in short, and be taken and received as if it had been written out at length and filed, the fact of said discharge and the legality and regularity of its obtention being however not admitted by the plaintiff, but to be subject to all legal exceptions. *November 24th* 1836."

Plea, &c. And that the said plaintiff ought not to have his execution against him, &c., except such property as he the said defendant shall hereafter acquire by gift, descent, or in his own right by bequest, devise or in course of distribution, because he the said defendant saith that after the rendition of the judgment in the said writ of *scire facias* mentioned and set forth, to wit, on the 12th of October 1831, he the said defendant obtained from the honorable the judges of *Prince George's* county court, a final discharge under and in virtue of the insolvent laws of the *State of Maryland*, of and from the payment of debts, &c.; and he the said defendant further saith, that he hath not acquired any goods or chattels, lands or tenements since the rendition of the judgment aforesaid, by descent, gift or in his own right by bequest, devise or in course of distribution, whereof the said plaintiff can have execution of the judgment in the said writ of *scire facias* aforesaid mentioned, and this he the said defendant is ready to verify, &c.

Replication by plaintiff, that to be precluded he ought not, because he saith, that the several matters and things contained in the said plea of the said defendant, as before stated, are not true, and of this he puts himself upon the country; and the said defendant doth the like, &c.

At the trial of this cause, the defendant offered in evidence to the jury, to support the plea of his discharge under the insolvent laws, and under the agreement in the cause, which is as follows: "It is agreed in this cause, that the plea of the defendant's discharge under the insolvent laws of this State, may be put in short, and be taken and received, as if it had

been written out at length and filed. The fact of said dis-
charge, and the legality and regularity of its obtention being
however not admitted by the plaintiff, but to be subject to all
legal exceptions.         ·         *November 24th*, 1836."

And also the record of his petition for the benefit of the in-
solvent laws, and his final discharge thereunder, at April term
1831, and filed on the 15th of April 1831, which is as follows:

*Fielder Bowie petitioner for the benefit of the insolvent laws.*
·Be it remembered, that heretofore, to wit, on the 15th day of
April 1831, the said *Fielder Bowie* filed in *Prince George's*
county court here, the following proceedings, had before the
honorable *John R. Plater*, one of the associate judges of *Prince
George's* county court as aforesaid, in and upon his the said
*Fielder Bowie's* petition for the benefit of the several acts of
Assembly of *Maryland*, for the relief of insolvent debtors, in
the words and of the tenor following, to wit:

*To the Honorable the Judges of Prince George's County
Court:* The petition of *Fielder Bowie*, of said county, respect-
fully represents, that he is now in actual confinement for debts,
which he is at present unable to pay, and is therefore driven
to the necessity of praying your honors to extend to him the
benefit of the several acts of Assembly relating to insolvent
debtors. He exhibits to your honors a schedule of his pro-
perty, real, personal and mixed, (the necessary wearing
apparel and bedding of himself and family excepted,) and a
list of creditors and debtors, so far as he has been enabled to
ascertain the same with the amounts due to and from each, all
of which are upon oath, and all of which estate, this petition-
er is ready and willing to deliver up, for the benefit of his
creditors. *April 13th* 1831.         FIELDER BOWIE.

A schedule of the property of *Fielder Bowie*, real, personal
and mixed, the necessary wearing apparel and bedding of
himself and family excepted. Real none, personal none,
mixed none.

List of the creditors of *Fielder Bowie*, the within petitioner,
with the amounts respectively due them, so far as he can at
present ascertain the same, &c.

List of debtors of *Fielder Bowie*, with the amounts due as far as he can at present ascertain the same—none.

MARYLAND, *Prince George's County, Sct.* On this 13th day of April 1831, personally appears *Fielder Bowie*, the within petitioner before the subscriber, and makes oath on the Holy Evangely of Almighty God, that the within and aforegoing schedule and list of creditors and debtors are true, as far as he can at present ascertain, to the best of his knowledge and belief. Sworn before J. R. PLATER,
*One of the Associate Judges of the First Judicial District.*

*Prince George's County, Sct.* We hereby certify, that *Fielder Bowie*, the within named petitioner, is a citizen of the State of *Maryland*, and hath resided therein the two years last past. THOMAS BRUCE,
E. M. DORSEY.

The bond for the debtors appearance at October term of *Prince George's* county court, was also dated 13th April 1831, as also his trustee's bond.

*Prince George's County Court, April Term* 1841. Ordered by the court, that *Philemon Chew* be and he is hereby appointed trustee for the benefit of the creditors of *Fielder Bowie*, the within named petitioner. J. R. PLATER.
*April* 13th, 1831.

The insolvent's deed to his trustee was dated 13th April, 1831, and acknowledged on the same day before the judge who granted the discharge.

*Prince George's County, Sct:* I do hereby certify that I am in possession of all the property, real, personal and mixed, of *Fielder Bowie*, mentioned in his schedule, accompanying his application for the benefit of the insolvent laws of this State.
PHIL. CHEW.

Whereupon the court passed the following order:

*Mr. Beall*,—File this petition and papers, enter the personal discharge of the petitioner, and the usual order of publication of notice to the creditors. J. R. PLATER.
*April* 13*th*, 1831.

And it was also ordered by the said court, that the said *Fielder Bowie* make publication of the following order, which is as follows:

*Prince George's County Court, April Term* 1831. Ordered by the court, that the creditors of *Fielder Bowie*, a petitioner for the benefit of the insolvent laws of this State, be and appear before the court at *Upper Marlborough* town, on the second Monday of October next, to file allegations (if any they have,) against said petitioner, provided a copy of this order be published once a week for three successive months, before the said second Monday of October.

Test,     AQUILA BEALL, *Clk. P. G. C. C.*

On which said second Monday of October, being the tenth day of the same month, in the year of our Lord eighteen hundred and thirty-one, the said *Fielder Bowie*, in pursuance of the condition of this bond aforesaid, executed to the State of *Maryland* for that purpose, and according to the requisitions of the order of publication aforesaid, of the said court, appears in court here, and the said *Fielder Bowie*, the petitioner aforesaid, appears also in court here, on the twelfth day of the same month, in the year aforesaid, and files the following certificate of the editor of the *Maryland Republican* newspaper, of the publication of the aforegoing order of the said court, with a copy of said order thereto annexed, which said certificate is in the following words, to wit:

I hereby certify that the order of *Prince George's* county court, in the case of *Fielder Bowie*, hereto attached, has been inserted in the *Maryland Republican* once a week for three successive months, from the 2nd July 1831.

JERH. HUGHES.

Which being read and heard, and due consideration had, it was thereupon ordered and adjudged, that the final oath be administered to the said *Fielder Bowie*, and that he the said *Fielder Bowie* shall be discharged from all debts, covenants, contracts, promises and agreements, due from or owing or contracted by him, provided nevertheless, that any property which he hath acquired since the passage of the said act, or which

he shall hereafter acquire by gift or descent, or in his own right by bequest, devise, or in course of distribution, shall be liable to the payment of the said debts.

Test,        Jno. B. Brooke, Clk.

The plaintiff then, under the agreement in reference to the pleadings, to support the issue on his part joined, proved to the jury that the original judgment, to revive which the present *scire facias* is brought, was rendered against the defendant at April term 1826, of *Prince George's* county court, and gave evidence of its amount to the jury.

The plaintiff also offered in evidence to the jury the following record of the defendant's petition for the benefit of the insolvent laws, filed on the 17th day of October 1827, and all the proceedings thereon, which are as follows, &c. This last application was prosecuted until April court 1831, when the said *Fielder Bowie*, the petitioner aforesaid, by his attorney aforesaid, moves the court here that his petition aforesaid, with all things thereunto relating, be dismissed and set aside, and that the said *Fielder Bowie* have no discharge under or benefit of the insolvent laws of the State of *Maryland,* in virtue thereof. Whereupon it is ordered, adjudged and determined that the petition aforesaid, of the said *Fielder Bowie,* with all things thereunto relating, be and the same are hereby dismissed, set aside and held as utterly null and void, and that the said *Fielder Bowie* receive no discharge under or benefit of the several insolvent laws of the State of *Maryland,* in virtue thereof. Test,    John B. Brooke, Clk.

The plaintiff insisted before the court that the final discharge of said *Fielder Bowie,* under the said petition of the 15th of April 1831, was irregular and void, and was no bar to the execution sought for in the present action, but the defendant by his counsel contended that it was not competent for the plaintiff to take advantage of said objection, as to the irregularity of said discharge in the present action, and prayed the court so to instruct the jury. But the court (Stephen, C. J.,) were of opinion, that it was competent for the plaintiff to make said objections, and instructed the jury, that if they find that the

said defendant obtained his personal discharge, that the trustee was appointed and gave bond, and the insolvent executed his deed to the trustee before the petition was filed, that then the said final discharge was irregular and void, and was no bar to the plaintiff's right in the present action; to which opinion of the court and their instruction to the jury, the defendant excepted.

The jury found by their verdict that the defendant did not obtain his final discharge, &c., and that he had acquired goods, &c., since the rendition of the judgment, by descent, &c., in his own right, upon which the county court ordered a *fiat executio*.

The cause was argued before ARCHER, DORSEY and CHAMBERS, J.

By THOMAS F. BOWIE and J. JOHNSON for the appellant, and By T. G. PRATT for the appellee.

ARCHER, J., delivered the opinion of this court.

The court below decided that it was competent for the plaintiff to object to irregularities in the defendant's discharge under the insolvent laws, and they instructed the jury, that if they find that the defendant obtained his personal discharge, that the trustee was appointed and gave bond, and the insolvent executed his deed to the trustee before the petition was filed, that then the said final discharge was irregular and void, and was no bar to the plaintiff's right in the present action.

It is said by this court in 2 *Gill & John.* 50, that the decision of a court of competent jurisdiction, when coming incidentally in question, or offered in evidence of title in any other court, is conclusive of the question decided, and cannot be impeached on the ground of informality in the proceedings, or error, or mistake of the court in the matter on which they have adjudicated, and the court in that case decided that the county court would not determine letters of administration to be void, although granted by the orphans court in a case where the law had conferred no authority on such court to grant letters.

It is supposed that the judgment of the county court does not come incidentally in question here. But in answer to this

we have to say that it is pleaded and relied upon only as a protection against the claim of the plaintiffs. The case of *Taylor and McNeil vs. Phelps*, 1 *G. & J.* 503, will be found to be an answer to the objection. The only inquiry would therefore seem to be whether the jurisdiction of the county court attached; if it did, whatever irregularities may have been committed, could not be the subject of revision.

It is however supposed that the court in the exercise of its jurisdiction in relation to insolvents, is limited, and that the course of procedure is pointed out by the statutes, that therefore all the requirements of the various acts as preliminary to the final discharge, must appear to have been substantially complied with. It is true the jurisdiction of the court is limited, but in such case all that is necessary to be shewn is, that the case is within the limited jurisdiction, and the judgment would be just as obligatory and conclusive as if the judgment were one of a court of general jurisdiction.

However true may be the principle, that where the course of procedure is pointed out by the statute, the proceedings must show their conformity with the act by which they are authorised; yet, since the decision of the court in 5 *H. & J.* 189, the judgment of tribunals of this State, discharging insolvents, has been considered an exception to that rule. In the case adverted to the court say, "they do not wish it to be understood that discharges under the insolvent laws are liable to all the objections that are usually relied on against proceedings of persons limited by special authorities."

The same doctrine would appear to prevail in the *English* courts. In *Willis' Rep.* 199, to an action on the case for goods sold and delivered, the defendant pleaded his discharge under the act of 10 *Geo.* 2, by the general quarter sessions for the city of *Bristol.* To this plea there was a replication that the defendant had not surrendered himself to prison. The defendant demurred generally, and the court say, that if it had appeared that the sessions had a jurisdiction, it would have been sufficient to have said generally, that the sessions had discharged him, and that the court could not enquire into any facts

necessary to be done by him, in order to obtain his discharge, of which the sessions were the only and the proper judges, and must be taken to have adjudged right, and they decide the plea to be defective, because it did not state what was necessary to give the court jurisdiction, to wit, that the defendant surrendered himself to prison.    See also the case of *Linwood vs. Hopkins*, referred to by the counsel in the above case, where it being objected that the proper notice was not given in the *Gazette*.    *Lord Hardwick* was of opinion that the sessions were the proper judges of this, and that it could not be enquired into upon the trial.    Under the act of 1805, ch. 110, the presentation of a petition by a party in confinement, was alone necessary to give jurisdiction, and since the proof of confinement has been dispensed with by the act of 1830, ch. 130, the jurisdiction of the county court attaches, by the presentation of a petition, such as is prescribed by the acts in relation to insolvent debtors.    This view of the subject renders the examination of the various objections which have been urged against the regularity of the proceedings in this case, unnecessary.

Two objections however have been taken by the counsel for the appellee, one of which has been sustained by the court below, which it may be proper for this court to advert to, as they refer rather to the time and circumstances of the application, than to the proceedings themselves.

1. It is alleged that the proceedings are void, if the defendant obtained his personal discharge; the trustee was appointed and gave bond, and the insolvent executed his deed to the trustee before the petition was filed, and so the court decided below.

The proceedings all bear date the 13th of April, and they are filed on the 15th of same month.    That the court, or a judge, possessed power to grant a personal discharge and to appoint a trustee and take a bond, is apparent from the act of 1805, ch. 110, sec. 2 and 3; 1808, ch. 71, sec. 1 and 3, and 1827, ch. 71.    The filing of the petition cannot be necessary to the validity of these acts, because a judge, in the recess of the court, is expressly empowered to act when the petition is presented to him, conforming in its terms to the Act of Assembly.

In such a case the law does not require, nor does it conform to practice in such cases to file the petition before the action of the judge thereon. A case must be undoubtedly depending before the action of the court or a judge can be had, but such a case is depending, either before the judge or the court, when the petition is presented. We therefore think the court erred in pronouncing the proceedings void on such an hypothesis.

The next objection which has been alleged to the proceedings and judgment in this case is, that a prior application of the appellant was depending at the time of the application, upon which the discharge now in controversy was granted. This point was not raised in the court below, or if it was, was not decided by the court, but as it may again arise in the case, we think proper to say, that the principles heretofore adverted to in this opinion, are decisive of this question. The court of *Prince George's* county have proceeded to the final discharge of the appellant, which we are bound to respect, having seen that the jurisdiction of the court once attached by the presentation of the appellee's petition.

The jury have found, by their verdict, that property by descent, devise, bequest, &c., has come to the defendant, and it is proper, under these circumstances, that the case should be remanded.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.