(Decided 1st March, 1889.)

---

D'ARCY PAUL, and FIELDER C. SLINGLUFF, Per-
manent Trustees in Insolvency *vs.* THE LOCUST
POINT COMPANY OF THE CITY OF BALTIMORE.

*Insolvent proceedings—Jurisdiction—Injunction—Appeal—*
*Section 20, of Article 48, of the Code—Act of 1880, ch.*
*172.*

Section 20, of Article 48, of the Code, expressly gives the right of
appeal from any order of the Court in insolvent proceedings, if
taken within the prescribed period of thirty days.

The jurisdiction of the Circuit Courts of this State, and of the
Court of Common Pleas, over proceedings in insolvency, is of a
limited nature, and the mode of proceeding, being prescribed by
statute, must be pursued in the manner prescribed and not other-
wise.

Paul and Slingluff, Trustees *vs.* Locust Point Company.

The right of these Courts to issue injunction given by the Act of 1880, ch. 172, is for the single object of preventing the disposition of the insolvent's property and effects by him or others, pending the trial of the issues under proceedings for coercing him into insolvency, and their right to issue a restraining order at any other time, and for any other purpose, is excluded.

The trustees in insolvency in all controversies as to the right to property, and claims of other persons to it or over it, are remitted to the Courts having cognizance of the subject-matter, for trial, where the parties interested can enjoy their right of trial by jury, which could not be given them by the insolvent Court, and which cannot, constitutionally, be denied to them.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*George Whitelock,* and *Samuel D. Schmucker,* for the appellants.

*William H. Dawson,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The facts of this case are undisputed. On the 10th of December, 1884, the appellee leased to Henry A. Ramsay certain property as a machine shop, and place of business, reserving the usual remedies by distress and re-entry. The property was partially equipped for the objects of the lessee, and he not only covenanted to repair and replace such parts as might be worn out, but also covenanted, at his own expense "to equip the premises demised, with all such other plant and machinery as may be necessary for the successful prosecution of a general machinist business upon a large

19                    v. 70.

and extended scale; and that such additional plant and machinery, when so placed upon the premises demised, shall not at any time thereafter be removed from the premises, except for the purpose of renewing such plant and machinery as the same becomes worn out by use, or to replace it with other and more efficient plant and machinery for the prosecution of said machinist business; and that such plant and machinery, and all substitutions and renewals thereof, shall at all times, during the continuance of this demise, remain upon said premises, as security for the faithful payment of the rent hereby reserved, and for the performance of the covenants herein contained." The lessee afterwards formed a partnership and conducted business until the 2nd July, 1888, when they were adjudicated insolvent debtors; and the appellants were appointed their permanent trustees in insolvency. On the first of April preceding this adjudication, there was due for rent in arrear the sum of $9786; and after the adjudication, and before the distraint proceedings, which give rise to the questions presented on this appeal, two more quarterly instalments of rent amounting to $1644.00 fell due and in arrear. On the 8th of August the appellants filed their petition in the insolvent Court, averring that it was not for the interest of the creditors that they should accept the lease, into the possession of which they had not actually entered, and declined to accept the same, and asking the Court to ratify their action in so declining. The Court did, on the same day, ratify their action, and directed the trustees to notify the appellee of their refusal to accept the assignment of the lease, which notice was accordingly given to the appellee. The appellee having received such notification issued a distress, and under it took a lot of loose chattels found on the premises, consisting mainly of unfixed machinery and tools, and

advertised them for sale for the payment of rent. Thereupon the appellants asked of the *insolvent Court,* an injunction restraining the sale, on the ground that the property taken in distress belonged to the trust estate and was in *custodia legis.* Injunction was granted without hearing; and then the appellants asked for an order directing the appellee to deliver to them this property taken in distress, and for an order of sale of it. Both petitions were set for hearing, and the Court rescinded the order granting the injunction, and dismissed both petitions, *"without prejudice* to the rights of the insolvent trustees to the property in controversy, if any."  From these orders the appeal has been taken, but before the appeal was taken, the sale under the distress proceedings had been made. For this reason, and because as the order was without prejudice, it was supposed not to be such final order as was appealable, and the appellee has moved to dismiss the appeal.

That motion must be overruled. The statute in broad language gives the right of appeal from *any order* of the Court in insolvent proceedings, and the appeal was taken within the statutory period of thirty days. *Code, Art.* 48, *sec.* 20.

Under the certificate of the Court from which the appeal is taken, the only questions for our consideration are 1st. Whether the Court of Common Pleas *should* and *could* restrain the appellee from proceeding by distraint, against certain chattels of the insolvent on the demised premises, issued subsequently to the adjudication of insolvency, for rent maturing partly *before,* and partly *after* insolvency declared, and after the election of the insolvent trustees not to take the lease; and 2ndly. Whether the Court should order the sale of those chattels, and should direct the landlord to deliver the same up to be sold, after the trustees in insolvency had refused to accept the assignment of

the lease and notified the landlord thereof, reserving in the notification their rights in and to the chattels mentioned.

The decision of these questions depends upon the character of the jurisdiction of the Court of Common Pleas when acting as an insolvent Court under our statute on the subject. When acting in that capacity they have never been held as exercising a general jurisdiction, but a special jurisdiction, limited in its character, and confined to the authority conferred by the statute. In *Bowie vs. Jones,* 1 *Gill,* 215, Judge ARCHER said in speaking for the Court: "It is true the jurisdiction of the Court is limited, but in such case all that is necessary to be shown is, that the case is within the limited jurisdiction and the judgment would be just as obligatory and conclusive as if the judgment were one of a Court of general jurisdiction." In that case the question was as to the regularity of a defendant's discharge under the insolvent laws. In *Purviance, Trustee of Bosley vs. Glenn's Ex'rs,* 8 *Md.,* 206, the Court said: "Property belonging to the insolvent may be in different places, or suits in equity may be necessary to vacate assignments; in all which cases it is manifest, that the trustee *can proceed only in the Courts* having jurisdiction *over the subject-matter,* as in other controversies." In that case the effort was to make the executors of the deceased trustee Glenn, account in the insolvent Court for the money which had passed into his hands for the insolvent estate in his life-time. The Court of Common Pleas of Baltimore City dismissed the petition of the newly appointed trustee of the insolvent *for want of jurisdiction,* and this Court approved that action "for the reason stated by the Court of Common Pleas," and elaborated the same; and in so doing said what we have quoted. In *Gable and Rusk, Trustees in Insolvency vs. Scott, et al.,* 56 *Md.,* 185, this

Court by Chief Justice BARTOL said: "The Court is not clothed with the powers of a Court of Chancery; it is acting under special statutory powers, and has not the jurisdiction to divest the legal title of Gable and Beacham, or to determine the nature and extent of their rights in the property, or those of the insolvent petitioners; to do this is exclusively within the cognizance of a Court of equity, which may summon before it all the parties in interest, and pass upon their respective rights."

In *Whyte, Trustee vs. Betts Machine Co.*, 61 *Md.*, 181, this Court, in passing on questions arising under the Act of 1880, ch. 172, said: "It is perfectly well settled that the jurisdiction of the Circuit Courts of this State over proceedings in insolvency is of a limited nature, and the mode of procedure, being prescribed by statute, must be pursued in the manner prescribed, and not otherwise." Prior to the Act of 1880, ch. 172, the insolvent Court never undertook to issue an injunction, or exercise any jurisdiction not expressly conferred. By this Act of 1880, ch. 172, provision was made for coercing a person into insolvency who really is insolvent, or has committed acts justifying his being so adjudged. Pending the inquiry into the grounds for so adjudging, and until the same is determined, the Courts are authorized to issue an injunction to prevent the disposition of the insolvent's property and effects by him or others pending the trial of the issues. Having confined the right to issue injunction to the single object of preventing the removal of the property or its sale, while the inquiry is made into his insolvency *vel non*, and that time only, it is very clear that the right to issue a restraining order at any other time and for any other purpose, was excluded. It is also clear from the decisions already cited, that the trustees in all controversies as to the right to property, and claims of

other persons to it, or over it, are remitted to the
Courts having cognizance of the subject-matter, for
trial, where the parties interested can enjoy their right
of trial by jury which could not be given them by the
insolvent Court, and which can not, constitutionally,
be denied to them.   However desirable it may be
thought that, the insolvent Court should have all the
power necessary to protect and decide all claims of
property on the behalf of the insolvent, and to prevent
the interference of others with property claimed by the
insolvent estate, our statutes have not given such
power, and the Courts have not thought such power
inherent in the Court.   Whatever may have been
thought of the laws of other States, by the Courts of
other States, and of Federal Courts as to the rights of
the Bankrupt Courts under the bankrupt laws of the
United States, we can not be guided by them, but must
be controlled by the decisions of our own Courts upon
the effect of our statutes.   The orders appealed from
will be affirmed.

*Orders affirmed.*

(Decided 1st March, 1889.)