(Decided April 1st, 1898).

---

RICHARD S. CULBRETH, PERMANENT TRUSTEE, *vs.* ANDREW BANKS.   MARGARET W. DORSEY *vs.* ANDREW BANKS.

*Insolvency—Jurisdiction of the Insolvent Court.*

The Insolvent Court has no jurisdiction under the statute to determine controversies relating to the ownership of property.

Appeal from a *pro forma* order of the Circuit Court for Baltimore County, in Insolvency.

The cause was argued with the preceding case, *In re Banks' Will.*

*Samuel D. Schmucker, George Whitelock* and *Richard S. Culbreth*, for the appellants.

*Arthur Geo. Brown* (of *Brown & Brune*) and *George Stewart Brown*, for the appellee.

PEARCE, J., delivered the opinion of the Court.

Andrew Banks applied for the benefit of the insolvent law in the Circuit Court for Baltimore County, November 26th, 1889, and was, on the 1st of March, 1897, by order of said Court, finally released and discharged from all legal liability for debts owing by him prior to the filing of his petition. On November 4th, 1896, W. Frank Godwin died under twenty-one years of age, and without issue, seized and possessed of certain real and personal estate which he acquired under the will of his grandfather, Daniel B. Banks, subject to an executory devise over in event of his death under twenty-one and without issue, to such persons as by the then existing laws of Maryland would take the same as heirs-at-law and distributees of Daniel B. Banks. Andrew Banks is the son of Daniel B. Banks and as such is one of said heirs and distributees. Upon the death of W. Frank Godwin, Richard S. Culbreth, permanent trustee of the insolvent, Andrew Banks, subsequent to his discharge, filed a petition in said insolvent proceedings claiming that the interest of said Andrew Banks, in said real and personal estate, vested in the said Richard S. Culbreth as permanent trustee, and praying that said Andrew Banks be required to file a supplemental schedule of assets which should include his said interest in said real and personal property. About the same time Margaret W. Dorsey filed a petition in said insolvent proceedings alleging that she held a judgment against the said Andrew Banks recovered by her in the Circuit Court for Howard County, September 5th, 1889, for $17,551.50, which is still unsatisfied, and that a certified copy of the docket entries in said case was duly issued by the Clerk of the Circuit Court for Howard County, and was by him sent to the Clerk of the Superior Court for Balti-

more City, and was duly filed and recorded upon the judg-
ment records of said Superior Court for Baltimore City on the
said 5th day of September, 1889. The petition further alleged
that the real estate above mentioned is located in Baltimore
City, and that the interest of said Andrew Banks therein
passed to Richard S. Culbreth, permanent trustee, charged
in the lien in her favor, in respect to her said judgment,
which lien the said insolvent Court has full power to recog-
nize and establish, and she prayed that her said lien be
recognized and established, and its validity and priority be
allowed. These two petitions were by order of Court con-
solidated, and Andrew Banks demurred to each petition.
By agreement of parties a *pro forma* order was passed dis-
missing each of said petitions with costs, and with leave to
the petitioners to appeal, as provided in the agreement, and
from that order each of the petitioners has appealed. There
is incorporated in the record a certificate from the Circuit
Court for Baltimore County, sitting in insolvency, that the
questions decided by the order appealed from are: 1st.
That the interest taken by Andrew Banks as heir-at-law of
Daniel B. Banks in that portion of the property of Daniel
B. Banks to which W. Frank Godwin was entitled under
the will of Daniel B. Banks, did not pass to the insolvent
trustee of Andrew Banks; and 2nd. That Margaret W.
Dorsey has no lien by virtue of her judgment or the attach-
ment thereon, upon the said interest of said Andrew Banks
cognizable by the Court *in that proceeding*.

As a matter of convenience, the questions involved in
these appeals were argued with the questions involved in
the three appeals embraced in one record, from the Circuit
Court for Baltimore City, being the cases of *Godwin* v.
*Banks; Culbreth, Trustee,* v. *Godwin,* and *Godwin* v. *Banks,*
argued and decided at this term.* In deciding those ap-
peals it became necessary for us to determine whether the
interest of said Andrew Banks in the share of said W. Frank

---

* See *ante* p. 425, *In re Banks' Will.*

Godwin passed to Andrew Banks in his own right, or passed to Richard S. Culbreth as his permanent trustee, and we there determined that said interest passed to Andrew Banks in his own right, and did not pass to his permanent trustee, for the reasons stated in the opinion filed therein.

In reference to the appeal of Margaret W. Dorsey, it is only necessary to say in view of our decision, that the interest of Andrew Banks under the will of his father did not pass to his trustee in insolvency, that the rights of Mrs. Dorsey under her judgment cannot be adjudicated in the insolvent Court, which acts under the statute and cannot be held as exercising a general jurisdiction. *Purviance* v. *Glenn,* 8 Md. 202 ; *Paul* v. *Locust Point Co.,* 70 Md. 294. Had such interest, however, vested in the trustee of Andrew Banks, the insolvent Court would, of course, have been the proper tribunal to determine the validity of Mrs. Dorsey's judgment lien. *Buschman* v. *Hanna,* 72 Md. 1.

The order appealed from will therefore be affirmed, with costs to the appellees, but without prejudice to any right of Margaret W. Dorsey to enforce the lien she claims by virtue of her judgment in the Court having jurisdiction thereof.

*Order affirmed with costs.*

(Decided April 1st, 1898).