ALVIN E. MASSMAN

     vs.                                      No. 7454.

MICHAEL J. LYNCH,
     APPELLANT.

March 6th. 1919.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for rent for $175 with eight per cent per annum interest and ten per cent attorney's fees. It was filed September 28th, 1917. The defendant admitted the claim, but averred that the plaintiff had agreed to accept in payment $15 per month in notes with a good endorser; that in compliance with said agreement defendant made eleven notes of $15 each and one of $10 endorsed by a solvent surety, which he tendered to plaintiff who refused to accept them without lawful cause, and in violation of his agreement-; he filed said notes and asked that plaintiff's suit be dismissed.

Judgment for plaintiff as prayed for was rendered June 10th., 1918 and defendant has appealed suspensively.

The defendant, as a witness, says that "there was no agreement" between him and the plaintiff as to the notes he was to give; that he tendered notes signed by his wife and Mr. Wysong, as endorser, which plaintiff's attorney refused to accept.

The plaintiff testified that the defendant offered to make monthly payments of $15 each, with one of two endorsers whom he named; that plaintiff accepted his offer and the endorsers named. Plaintiff's attorney corroborates this testimony, and adds that on the morning following the above agreement the defendant presented the notes, endorsed by a different person from either of the two accepted by the plaintiff upon the day before; that he refused the new endorser as he knew nothing of his financial responsibility, and that defendant refused to pay or give any other security; whereupon he filed the present suit.

235

The defendant has filed no brief and has made no appearance in this Court.

The plaintiff has asked for damages for a frivolous appeal. We think he is entitled to them. C. P., 887, 907, 1138; 1 H. D., 101.

C. P. 1138:

"The appellate Court may, in its discretion, when the appeal has been taken from a judgment, sentence the party appealing to pay not more than ten per cent as damages on the amount of the judgment appealed from, over and above any interest said judgment may bear, if it shall appear that said appeal was frivolous or taken for delay."

In the following cases the Supreme Court has said that where the judgment bears the highest rate of legal or conventional interest, only five per cent damages shall be allowed. 12 La., 420; 13 La., 426; 14 La., 347; 15 La., 445; 16 La., 565, 569; 17 A., 77; 38 A., 376; 30 A., 400; 21 A., 386. *In this case,* We will follow their conservative action.

It is therefore ordered that the judgment herein be affirmed with five per cent damages upon the amount thereof in principal.

March 6th. 1919.