THOMAS' LESSEE *vs.* GODFREY, *et al.*—*June*, 1831.

The construction of a grant is for the court, and not a matter proper to be submitted to a jury, except in a case of latent ambiguity.

It is a well established rule of construction, that calls, whether to artificial or natural objects, are to be preferred to courses and distances; therefore, when a tract of land is described by courses and distances, and calls, the calls are to be gratified in the construction of the grant, if they can be established, and the courses and distances disregarded, if they do not correspond with the calls.

Where there are two inconsistent expressions or calls, both of which cannot be gratified, but either of which standing alone would be imperative, that which appears to be the most certain, and most consonant to the intention apparent upon the face of the patent, should in the construction of it, be preferred, for the same reason that calls are preferred to courses and distances, because more certain. Or if there is any thing on the face of the patent to explain or qualify one of them, so as to show, that the other was intended to be the governing or imperative call, it should be so treated.

So where the patent for a tract of land described it as "beginning at a bound hickory on the side of a hill, on the S. side of the main falls of *Patapsco,* respecting to the W. *Chew's Resolution Manor,* and running with the said manor, S. &c. 200 p. to a bound hickory, then N. W. 340 p. to a bound white oak, then N. &c. 250 p. to the main falls of ————, with the main falls by a direct line to the first bound tree. HELD, that according to the construction of the patent, the first line thereof should be run from the first to the second bounded hickory, and that the words " running with the said manor," did not constitute a peremptory call, but like the course and distance, were directory only to the principal call the tree. And that as to the home line, it should be run from the termination of the third line, direct to the beginning tree, the words " with the main falls" being qualified by the subsequent terms " direct line."

APPEAL from *Anne Arundel* County Court.

*Ejectment* for a tract of land called *"the Valley of Owen,"* commenced by *Allen Thomas,* the lessor of the plaintiff, against the appellees, *Samuel Godfrey* and others, on the 29th March, 1826. The defendants pleaded not guilty, and took defence on warrant. A warrant of resurvey issued and plots were returned. Defence was taken for the whole of the tract of land called *"Stout,"* as located by them on the plots; for the tract called *"West Ilchester,"* as located by them upon the plots; for the tract called *Caleb's Vineyard,"* as located by them; for the tract called *"Littleworth,"* as also located by them; for all that part of the tract called *"Presledges' Folly,"* (as also located by them) which lies to the west of the third line of the *Valley of Owen,* as that line is located by them, in their second location of the *Valley of Owen;* and for all the other land which lies south and west of, and upon said location of said third line, and which is included in plaintiffs fourth location of

the *Valley of Owen*, and which by a written agreement be-tween plaintiffs and defendants, on file in the cause, is ad-mitted to be covered by the location of the tracts called "*Timber Neck*," "*Jefferson*," and "*Littleworth.*"

1. At the trial the plaintiff read in evidence to the jury subject to all exceptions, the certificate of the "*Valley of Owen*," issued on a warrant of resurvey returned by *Richard Owen*, on the 7th of September, 1703, describing the said land as "beginning at a bounded hickory on the side of a hill on the south side of the main falls of *Patapsco*, and respective to the west *Chew's Resolution Manor*, and *running with the said manor* south 53 degrees west, 200 perch-es to a bounded hickory, then north-west 340 perches, to a bounded white oak, then north 53 degrees east, 250 perches, to the main falls, thence with the main falls by a direct line to the first bounded tree, containing, &c." And also with like exception, read in evidence the patent for the said tract, granted to *Richard Owen*, on the 20th May, 1705. The description of said tract in the patent is as follows: "Be-ginning at a bound hickory, on the side of a hill, on the south side of the main falls of *Patapsco*, respecting to the west *Chew's Resolution Manor*, and *running with the said manor*, south 53 degrees west, 200 perches to a bound hick-ory, then north-west 340 perches to a bound white oak, then north 53 degrees east, 250 perches to the main falls of, with the main falls by a direct line to the first bound tree, containing, &c."

And the plaintiff offered to prove by other title papers, a title in the lessor of the plaintiff to the said tract of land, derived from the said *Richard Owen*, the patentee; and gave in evidence the certificate of a tract of land called "*Chew's Resolution Manor*," surveyed for *Samuel Chew*, the 15th April, 1698. The defendants then objected, that the certificate, and patent of "*The Valley of Owen*" here-in before mentioned, were inadmissible in evidence, because there was no location upon the plots of said tract, by the plaintiff, corresponding with the description, and calls, in

said certificate, and patent; which objection the court sustained, and instructed the jury that said certificate and patent were not admissible, the same not having been located to bind on a tract of land called "*Chew's Resolution Manor,*" as required by the peremptory call in said certificate and patent. The plaintiff excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before Buchanan, Ch. J., Earle, Martin, and Archer, J.

*A. C. Magruder*, for the appellant, contended,

1. That there is no peremptory call to the tract of land called "*Chew's Resolution Manor,*" there being no particular point or line, or side of said tract to which the first line is to go. 2. That the words in the patent, "respecting to the west *Chew's Resolution Manor,*" and in the certificate, "respective to the west *Chew's Resolution Manor,*" are unintelligible, and must be rejected; and that the true location of the line is to commence at the "bound hickory," spoken of, as the beginning, and run thence (without regard either to the expression "respective to the west," &c. or to the course and distance,) to the second bound hickory mentioned in the grant. 3. That according to the true construction of the grant, the line which commences at the bounded white oak (third boundary) is to run thence the course mentioned in the grant, with an allowance for variation to the main falls, and that the closing line, is to run with, or along, and not as the defendant's counsel contended, from the main falls. He referred in the argument to *Helm's vs. Howard,* 2 *Harr. and McHen.* 82. *Calhoun vs. Hall, Ib.* 116. *Pennington vs. Bordley,* 4 *Harr. and Johns.* 450. *Rogers vs. Moore,* 7 *Ib.* 141. *Mundell vs. Clerklee,* 3 *Harr. and Johns.* 469. *Hammond vs. Ridgely,* 5 *Harr. and Johns.* 245, 256, 274. *Davis vs. Battey,* 1 *Harr. and Johns.* 264. Act of 1830, *ch.* 186.

*R. Johnson,* for the appellee.

1. The question is as to the true location of the *Valley of Owen,* omitting the first line. A patent not *legally* located cannot be read in evidence. *Hughes vs. Howard,* 3 *Harr. and Johns.* 9. *Pennington vs. Bordley,* 4 *Ib.* 450, 471. *Mundell vs. Clerklee,* 3 *Ib.* 469. The court is the tribunal to determine the true construction of the grant. *Hammond vs. Ridgely,* 5 *Harr. and Johns.* 245. The expressions in the patent of the *Valley of Owen,* are such as to require it to bind on *Chew's Resolution Manor.* When a junior grant calls for the line of an elder, the call is peremptory, and it is not material whether a particular line is called for or not. *Carroll vs. Norwood,* 5 *Harr. and John.* 163. In addition to the call for the manor, there is a call for a hickory, as the termination of the first line, and if both are peremptory, and incapable of being gratified, the grant is void. *Rogers vs. Moore,* 7 *Harr. and Johns.* 141. If both calls can be gratified, they should be. When a tree and the line of a tract of land are called for, you are first to go to the nearest, and then if the distance is exhausted before you reach the other call, you must elongate it, or run a new line, if it be necessary to do so, to reach the most remote call. The reasoning of the court in *Howard vs. Helms,* 2 *Harr. and McHen.* 80, cited on the other side, has been decided to be erroneous. *Pennington vs. Bordley,* 4 *Harr. and Johns.* 458. 2. If in running the home line of the *Valley of Owen,* you reject the word direct, used in the patent, seventeen or eighteen new lines must be added to close the survey. If the expressions "with the falls," are gratified, you cannot get to the beginning tree, because that tree does not stand on the falls; and it follows therefore, that if the expressions, "with *Chew's Resolution Manor,*" ar eto be rejected, because by so running you cannot get to the bounded tree called for, you must for the same reason, reject the words "with the falls," because if you run with the falls, you can never get to the beginning tree. He insisted that the last line should be located, so as to run as near the

falls as practicable, consistently with its being straight. *Pumphrey vs. Ashpaw,* 4 *Harr. and Johns.* 368. The act of 1830, *ch.* 186, he said was prospective, and therefore did not apply to the present case, which was pending at the time of its passage.

*Taney,* (Attorney General) in reply.

None of the plaintiff's locations profess to bind "*Chew's Resolution Manor,*" but the defendant's do, and if, therefore, the *Valley of Owen* should be so located, the patent may be read in evidence, the lines being on the plots, though placed there by defendants.   1. The error of the County Court was in considering the call for "*Chew's Resolution Manor*" imperative, equally so with the call for the tree, and deciding that both must be gratified.   One of the reasons assigned for preferring calls to course and distance, is, that the former are supposed to be most beneficial to the grantee; but the principal reason is, that calls are most certain. *Rogers' lessee vs. Raborg and Redding,* 2 *Gill and Johns.* 63, 64.   The last rule of interpretation applies to cases of any other nature, and if one description is more certain than the other, and both cannot be gratified, the most certain is to be adopted.   The principle being, that *certainty* in the description is to be preferred, even calls will give way to course and distance, if the latter furnishes the greater certainty; as in the case of a call for the line of a tract of land, without saying which line, or how far you are to run with it, and a description by course and distance.   But in this case, there is not merely course and distance opposed to an uncertain call, but there is another and perfectly certain call, inconsistent with the first call.   The call for *Chew's Resolution Manor* does not, when reached, instruct you in what direction you are to run, or to what extent.   The certainty, which is the motive for preferring calls to course and distance, is not the certainty of the *call,* but because those calls usually enable you to determine with precision, the line to be run; and when they do not effect that object,

the principle which induces their adoption totally fails. But suppose the calls for *Chew's Resolution Manor*, and the tree, are equally peremptory, and wholly inconsistent, still the grant would not be void; the construction most favorable to the grantee, would then prevail, and the fact, as to which would be most favorable to the grantee, would be for the jury,—and if the judge could not decide which would be most advantageous to grantee, the ambiguity would be a *latent* one, and the jury would in that case, have to say, which was meant by the party. *Davis vs. Batty,* 1 *Harr. and Johns.* 268, 269. *Connelly vs. Bowie,* 6 *Harr. and Johns.* 143. *Helmes vs. Howard,* 2 *Harr. and McHen.* 82. The locations on the plot were sufficient to authorise the reading of the grant in evidence, although its interpretation should be, as contended for by the appellee. There were lines on the plot conforming to our interpretation of it, and whether the grant was admissible or not, depended upon the state of the evidence, at the *time* it was offered, and it was not competent to the defendant, to introduce other evidence at *that time,* to show its inadmissibility. The court was to instruct the jury as to the construction of the patent, and they should find accordingly, but still the patent should have been received in evidence. *Shield vs. Miller,* 4 *Harr. and Johns.* 1. *Connelly vs. Bowie,* 6 *Ib.* 143. *Pennington vs. Bordley,* 4 *Harr. and Johns.* 457, 458. *Hughs vs. Howard,* 3 *Ib.* 9, 13. 2. The question here is upon the location of the *last* line, whether that line has a binding call on the falls or not. It calls to run with the falls, and although described as a straight line, being a binding call, it must follow the stream, according to its call. *Hammond vs. Ridgely,* 5 *Harr. and Johns.* 256, 274, 275. He insisted that the act of 1830, *ch.* 168, did apply to the present case, the only doubt being, whether it applied to any but depending appeals. As evidence of the language, usually employed in such laws, he referred to the acts of 1785, *ch.* 80. 1801, *ch.* 74, *sec.* 38. 1815, *ch.* 149, *sec.* 3. 1806, *ch.* 90. 1804, *ch.* 55, *sec.* 3.

Buchanan, Ch. J., delivered the opinion of the court. The action was brought for a tract of land called "*The Valley of Owen*," and the question is, how that land should be located, which depends upon the construction of the patent. That the construction of a grant falls peculiarly within the province of the court, and is not a matter proper to be submitted to a jury, except in a case of latent ambiguity, is a principle too long and too well established, now to be disputed in this court. What then is the construction proper to be given to the patent for "*The Valley of Owen?*" The expressions are, "beginning at a bound hickory on the side of a hill, on the south side of the main falls of *Patapsco*, respecting to the west *Chew's Resolution Manor*, and running with the said Manor, south 53 degrees west, 200 perches to a bound hickory; then north west, 340 perches, to a bound white oak; then north 53 degrees east, 250 perches, to the main falls of, with the main falls, by a direct line to the first bound tree." It is a well established and known rule of construction in the courts of this State, that calls, whether to artificial or natural objects, are to be preferred to courses and distances; therefore, when a tract of land is described by courses and distances, and calls, the calls are to be gratified in the construction of the grant, if they can be established, and the courses and distances disregarded, if they do not correspond with the calls. The better reason for which, is believed to be the greater certainty afforded by calls, than by courses and distances. In this case it is contended, that the expressions, "and running with the said manor," constitute a peremptory call to the tract of land called "*Chew's Resolution Manor*," and that "*The Valley of Owen*" must be located to bind on that tract, and it was so decided by the court below. But we think they were not used in that sense; and that being associated with a course and distance expressed in the patent, and a further call to a tree, a fixed and natural object, they are not to be interpreted as importing an imperative, or peremptory call, to run

with, and bind upon "*Chew's Resolution Manor*," but that the tree called for, was intended as the principal object, the boundary to regulate the location of that line ; and the reference to "*Chew's Resolution Manor*," and the course and distance expressed, directory only to that object, and introduced but as a means of arriving at it.   The expressions used are, " and running with the said manor south 53 degrees west, 200 perches *to a bound hickory.*"   It is not the case of a course and distance line of one tract of land, calling to, or to run with, or bind upon, a water course, or another tract of land, or a line of another tract, with no ulterior object called for, and looking only to the water course, or other tract, or line, as the definite object to be reached or run with, and to which the course and distance expressed, if not corresponding with it, is made to yield. But here, there is a fixed ulterior object, a tree imperatively called for and designated as the boundary intended to be run to ; which intention, apparent upon the face of the patent, explaining and qualifying the expressions "running with the said manor," and showing them to have been used, not as binding expressions, but as directory only to the tree called for, must be gratified, by running the first line from the beginning tree, to the tree called for, (if it can be proved,) in the manner directed in the patent, if that can be done ; but if it cannot be done, either by running the course and distance expressed, or by a running binding upon the manor, then, the direction failing, a course must be shaped from the beginning directly to the tree called for, without regard to either the manor, or the course and distance expressed ; the true position of that tree to be determined by a jury, whose province it always is, to find facts, and to ascertain the true position of the object called for, from the evidence submitted to them ; but not to determine the question, whether or in what manner a call shall be gratified, or any question of construction arising upon the face of the patent.   That belongs exclusively to the court, whose peculiar province it is to ex-

pound patents, according to the intention to be collected from the terms or expressions used, and not on facts or matter *aliunde*. Where a tract of land, or a line of a tract of land, is peremptorily called for as the governing object, it controls the course and distance for the greater certainty. But where such a line is referred to, with a view to another object peremptorily called for, that object is the imperative call, and not the line referred to; and must be gratified, whether its position corresponds with the line referred to or not. As where there is a call to a tree, described as standing in, or at the end of a specified line of another tract of land, then the reference to the line, is not considered as a peremptory call, controlling the call to the tree; but the call to the tree is the imperative call, and must be gratified *if it can be established*, no matter where *it* stands, without regard to the line; which is to be taken, as intended only as a *designatio loci*, where the tree was supposed to stand. We differ therefore with the court below, in the opinion, that the expressions, "running with the said manor" as used in the patent for the *Valley of Owen*, constitute a peremptory call, and that the first line of that, must be located to bind on the land called *Chew's Resolution Manor*.

But as the patent was rejected on the ground, that there was no location of it upon the plots, returned in the cause, corresponding with the description and calls expressed, it is necessary to inquire, how the home or given line should be located, which is not altogether free from difficulty. The third line has a call to the main falls, and from that point the description is, "with the main falls by a direct line to the first bound tree." And the question is, whether that line should be run with the meanders of the stream, or directly from the termination of the third line on the falls, to the beginning tree? Where there are too inconsistent expressions or calls, both of which cannot be gratified, but either of which standing alone, would be imperative, that which appears to be the most certain and most consonant to the intention apparent upon the face of the patent, should

in the construction of it, be preferred, for the same reason that calls are preferred to courses and distances, because more certain. Or, if there is any thing on the face of the patent to explain or qualify one of them, so as to show that the other was intended to be the governing or imperative call, it should be so treated. Here the expressions, "with the main falls," and "by a direct line," to the first bound tree, are inconsistent, and cannot both be gratified, if the stream is not straight, or does not run to the beginning tree; and it seems to us, that the expressions, "with the main falls," are so qualified by the other expressions, "by a direct line," as to show, that the latter were intended as the governing or controlling expressions, and that the given line should be run directly from the place of departure to the beginning tree, the object imperatively called for, and that by the words, "with the main falls," the general course of the stream was meant, the meanders of which could not be pursued by a single direct line. If it was intended that the survey should be closed, by pursuing the meanders of the stream from the end of the third line to the beginning tree, the expressions would properly and most probably have been "with the main falls to the first bound tree," and not as they are, "by a direct line" to the first bound tree. Which addition of the words, "by a direct line," shows that the meanders of the stream were not intended, which could not be by a direct line, but that it was intended to close the survey by a single line drawn from one point to the other. Besides, the beginning tree is not described as standing at or by the stream, but on the side of a hill; the surveyor, therefore, at the time of taking up the land, must have known that the survey could not be closed by pursuing the meanders of the stream, which did not run to the tree called for, but that it would be necessary to shape an arbitrary course from the stream, in order to get to the tree, which would be entirely inconsistent with a direct line from point to point; and assist in showing that the words, "with the main falls," were not intended to be used as binding ex-

pressions, but are qualified and controlled by the words next following, "by a direct line." We think therefore, that "*The Valley of Owen*," must be located by running the given or home line, directly from the termination of the third line to the beginning tree, wherever they may be found to be; and not being so located by the plaintiff on the plots returned in the cause, but by running it with the meanders of the main falls of *Patapsco*, and by an arbitrary line drawn from that stream to the beginning tree, in order to close the survey, and without which, it could not be done, that the patent was not evidence to support his location so made.

JUDGMENT AFFIRMED AND PROCEDENDO AWARDED,

*Under the act of* 1830, *ch.* 186.