WILLIAM TABLER *vs.* JOHN A. CASTLE.

PRACTICE: ENTRY OF "SETTLED," MEANING AND EFFECT OF.—In legal contemplation the entry of a case "settled" is made under the eye, and with the sanction of the Court, and should be considered and taken as a judicial act, and for that reason no longer open to question or controversy in any collateral proceeding.

According to the usage of the Courts of this State, the term "settled," when introduced, or found in a docket entry, must be understood to mean "satisfaction," or an exhaustion of the right of action upon the obligation sued upon;—and this is especially the case where the entry of "settled" has stood unquestioned for more than six years.

EVIDENCE: JUDICIAL RECORDS, AUTHORITY AS; AND JUDGMENT TO BIND FUTURE ASSETS WHEN ADMISSIBLE AS.—From considerations of a sound public policy as well as upon the authority of adjudged cases, a duly authenticated record of a Court of competent jurisdiction, including the entry by which a cause was terminated, when incidentally drawn in question, must be taken as absolutely true, and entitled to full faith and credit; and a subsequent judgment on the same cause of action to bind assets *quando acciderint*, obtained by the plaintiff in the first action against the executor of the defendant, is not admissible to contradict the fact of the settlement shown by the record in said first action, or to support a claim against lands devised by said defendant.

APPEAL from the Equity side of the Circuit Court for Frederick County.

This was a proceeding by Bill in Equity by the appellee against the appellant. The case is thus stated by COCHRAN, J., delivering the opinion of this Court.

The appellee filed the bill in this case on the 30th of January 1854, to obtain a decree to sell certain real estate devised to the appellant by Peter Tabler deceased, for the purpose of satisfying, from the proceeds thereof, an alleged debt of the appellant's testator, his personal assets being insufficient for that purpose. The appellee founds his claim to relief on a single bill for the sum of $843.13, executed by Peter Tabler to him on the 1st of March 1843. The record shows that a decree for the sale of the property in question, was passed by the Court below on the 20th of August 1855, and that when the property was advertised for sale, as directed by the decree,

Tabler *vs.* Castle.

the appellant, who, up to that time, had failed to obey the summons to appear and answer, then filed a petition to open the decree on the alleged ground of mistake and surprise, and for leave to appear and answer the bill. During the pendency of this petition, a short copy of the docket entries of a case at law between the appellee and Peter Tabler, No. 37, Trials of February Term 1846, in Frederick County Court, was admitted as evidence by agreement. A short copy of a judgment obtained by the appellee against the appellant, as executor, in a case, No. 45, Trials of February Term 1854, in the Circuit Court for Frederick County, was also filed by the appellee, with his answer to the petition to open the decree; to the admission of which as evidence, the appellant excepted. Another petition was then filed by the appellant for the issuing of a commission to take testimony to support the allegations of the previous petition. These petitions were dismissed by the Court below, and an appeal taken to this Court, and on hearing the decree was reversed on terms, and the cause remanded for further proceedings. After the cause was sent back the appellant appeared and answered the bill of complaint, filing therewith a full copy of the record in the case above mentioned between the appellee and Peter Tabler. Testimony on both sides was taken under a commission, some portions of which were excepted to, and on final hearing, the Court below (NELSON, J.,) passed the decree from which this appeal was taken.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*J. M. Palmer,* for the appellant.

I. 1st. A party to be entitled to relief in a Court of Equity must make out a case free from suspicion of unfairness, free from any *taint of fraud,* free from any design

to enforce an unjust claim.   Has the appellee made such a case?   Certainly not.   Every fact and circumstance connected with the case carries with it conclusive evidence of unfairness.

2nd.  The withdrawal of the single bill from the record and proceedings of the action at law, without disclosing the object of its withdrawal, and the use intended to be made of it, was not warranted by any law or practice in this State, and if such transactions can be sanctioned by this Court, it will lead to endless mischiefs and frauds.

3rd.  The decree of the Circuit Court ought to be reversed, and the bill dismissed, because the evidence in the case is conclusive that the single bill in question has been fully settled and satisfied.

4th.  The acquiescence of the appellee in the correctness of the docket entry "settled," for more than six years, under the circumstances of the case, is evidence irresistibly conclusive of the correctness of the entry.

5th.  If the appellee had any remedy by reason of any thing wrong, from any cause, in making said entry "settled," it was to have applied to the Court of law in the case, in proper time, and in a proper manner, under the Act of 1787, ch. 9, sec. 6, to have had the "entry" stricken out, and the case brought regularly to trial.

6th.  It is a well settled principle of the common law; that a record and judgment of a Court of competent jurisdiction cannot be impeached or inquired into collaterally.

7th.  But by virtue of the Act of 1817, ch. 119, sec. 9, all docket entries of all actions or suits, &c., ended during the term of Court, by "trial, judgment, decree, submission, agreement, *non pros.*, satisfaction or otherwise however," as they shall appear upon the docket, by which the actions or suits were terminated, &c., shall be transcribed and constitute the records of the cases so terminated; therefore the record of the action at law in this case, is entitled to full faith and credit, and the entry "settled" is entitled

Tabler *vs.* Castle.

to the same verity, as if it had been a judgment for the plaintiff, and cannot be impeached or inquired into collaterally.

8th. The identical question involved in this case in relation to the legal effect of docket entries, has been decided in this State by the Court of Appeals.

The record and docket entry of "settled," like all other records and judicial proceedings are entitled to full faith and credence, and purport absolute verity, and cannot be impeached or inquired into collaterally. If in fact the docket entry "settled," made under the eye and sanction of the Court, was made and entered by fraud, mistake or surprise, &c., the appellee in the Court of law had a full and complete remedy, under the Act of 1787, ch. 9, sec. 6, and indeed it was his only remedy, by making application to the Court of law at the term of the Court when the entry of "settled" was made, or at any subsequent term, within a reasonable time. There was ample opportunity to have had the entry "settled," &c., stricken out, and the case regularly tried, by complying with the terms of the Act. This was not done: Why? Because there was no mistake,—no surprise,—no suspicion,—no fraud in the docket entry so made. *Munnikhuyson vs. Dorsett*, 2 *H. & G.*, 378. *Hall vs. Sewell*, 9 *Gill*, 155. But even under the provisions of this salutary Act, Judge DORSEY in delivering the opinion of the Court in 2 *H. & G.*, 376, says: "Judgments at law are not lightly to be interfered with, and it must be a case infinitely stronger than the present to induce the Court to sanction the striking out of a judgment of almost eight years standing," &c. There is no evidence in this case to have sustained a motion to strike out the entry, as a part of the record, even if a motion had been made in due time in the case at law. The certified copy of the record of the action at law, exhibited in the appellant's answer in the Court below, as a defence to complainant's bill and claim, is entitled

13     v. 22.

to "full faith and credence," and cannot be impeached or inquired into collaterally. This is a proposition too well settled to require argument or authority to sustain it. *Bowie vs. Jones,* 1 *Gill,* 124. *Magruder vs. Peter,* 11 *G. & J.,* 218. *Miles vs. Knott,* 12 *G. & J.,* 442. *Marshall vs. Greenfield,* 8 *G. & J.,* 349. *Raborg vs. Hammond,* 2 *H. & G.,* 50. *Ranoul vs. Griffie,* 3 *Md. Rep.,* 55. *More vs. Garretson,* 6 *Md. Rep.,* 444. *Powles vs. Dilley,* 9 *Gill,* 241.

The entry on the docket of "settled," &c., is, by virtue of the provisions of the 9th sec. of the Act of 1817, ch. 119, entitled to the same verity as a judgment would have been in favor of the plaintiff. The entry "settled," &c., was of course made under the eye and authority of the Court, and become as much a part of the record made by the clerk, as any other judgment by virtue of the 9th sec. of said Act,—it constituted the termination of the action by the authority of the Court, under said Act, and the clerk was bound to make and certify precisely such a record as he did make, which is a part of defendant's answer in this case. In legal contemplation, all docket entries are made under the eye of the Court and by its authority, and when not properly entered or extended, the error may be corrected. *Weighorst vs. State,* 7 *Md. Rep.,* 450. In the case of *Campbell, &c. vs. Booth,* 8 *Md. Rep.,* 117, it seems to have been conceded both by the counsel and the Court, as settled law in this State, that the docket entry satisfied in the ordinary mode was conclusive, &c. In this case. the entry was made in term time, and the record made up according to the provisions of the 9th sec. of said Act of 1817. But this is not all—the precise question involved in this case was directly settled by this Court in the case of the *State, use of Sprigg vs. Jones,* 8 *Md. Rep.,* 95.

The only remedy of the appellee was, if there had been any irregularity, surprise, mistake, &c., in making the

entry of "settled" on the docket, to have applied to the Court in the case at law in proper time to correct or strike out the entry, but so long as it is permitted to remain a part of the record, the appellee is estopped from denying its legal effect. 1 *Greenleaf's Ev.*, sec. 27. 4 vol. *Com. Digest, Estoppel*, (*A* 1,) pages195 to 197. "The question is indisputably settled, in this State, that the record and judicial proceedings of a Court of competent jurisdiction, when coming incidentally in question between the same parties or privies, are conclusive upon the question decided and terminated by the Court, and cannot be impeached or inquired into on the ground of informality in the proceedings, or error or mistake of the Court in the matter upon which it has adjudicated." It would be a waste of time to cite the authorities upon the subject, for they are very numerous, both in this State and elsewhere. When a matter has once been adjudicated by a Court of competent jurisdiction, it shall not again be drawn in question; nor will parties be permitted again to litigate what they had once an opportunity of litigating, and whatever might properly have been put in issue in that proceeding, shall be concluded to be a thing determined. *McClure vs. Miller*, 1 *Bailey's Eq. Rep.*, 107. *Henderson vs. Mitchell, Id.* 113. *McDowall vs. McDowall, Id.*, 324. *Aspden vs. Nixon*, 4 *How.*, 473 and 496. Judge KENT in the case of *Le Guen vs. Gouverneur*, 1 *Johnson's Cases*, 502, says: "Every person is bound to take care of his own rights, and to vindicate them in due season, and in proper order. This is a sound and salutary principle of law."

The acquiescence of the appellee, in the correctness of the "docket entry of settled," &c., for more than six years, and until after the death of the said Peter Tabler, the defendant in the action at law, under all the facts and circumstances of the case, is conclusive evidence that the appellee is attempting to enforce an unjust claim

against the appellant, and certainly, under very suspicious circumstances, which are well and truly calculated to awaken the suspicion and vigilance of the Court:—it is conclusive evidence of the correctness of the docket entry. 1 *Greenlf. Ev.*, sec. 197, pages 229, 230. *Willis vs. Jernegan*, 2 *Atkins*, 251. *Tickel vs. Short*, 2. *Ves. Sen.*, 331. *Murray vs. Toland*, 3 *Johns. Ch. Rep.*, 575. *Logan vs. Simmons*, 3 *Ired. Ch. Rep.*, 487.

II. In the 1st place—it will be insisted, that under the evidence in this case, in connection with all the facts and circumstances the appellee was not entitled to recover or receive any more than the one-half of the sum specified in said single bill, even if I am wrong in my views of the first proposition.

2nd. The appellee never was, in justice and equity, entitled to recover in any Court more than one-half of said sum of $843.13, and interest,—that was the only dispute in the action at law, which was settled and disposed of by the Court, as clearly inferable from all the facts and circumstances disclosed in the case.

*Wm. P. Maulsby* submitted the case on the part of the appellee.

Cochran, J., delivering the opinion of this Court, after making a statement of the proceedings and facts as *ante*, pp. 94, 95, proceeded as follows:

We find by an examination of these proceedings, that all the important questions presented, necessarily depend on the determination of the effect of the record, filed with the appellant's answer, on the right of the appellee to enforce payment of the single bill, on which he rests his claim to relief. This record, marked Exhibit No. 2, A, shows that the appellee instituted a suit against Peter Tabler, in Frederick County Court on the 25th of November 1844, to recover the amount of the single bill, which

he now exhibits as the sole evidence of his claim in this case; that the suit so instituted, was continued from term to term, until the 3rd of March 1846, when the case was entered "*settled*," and the single bill impounded as the cause of action therein, where it was retained until the 4th of August 1852, some months after the death of Peter Tabler, when it was withdrawn by the appellee, under an order of the Court, without any explanation of the purpose or use to be made of it.

The appellee, with an evident consciousness of the legal effect of this record on the cause of action exhibited, offered evidence to explain and qualify the entry of settlement, as well as to rebut the proper inferences therefrom; and the first question that presents itself, is, as to his competency to impeach collaterally, by any evidence whatever, the record thus produced as a bar to his claim. On this question we think the law is well settled. Had the docket entry, shown by the certified copy of the record in question, been made in fraud or by mistake, it could have been corrected by a proper application to the Court in that case; but no suggestion either of fraud or mistake was made there, nor is there any such allegation here; and the question whether the entry so made can be collaterally explained and deprived of its proper legal effect, must depend entirely upon the established rules of law applicable to such cases. In legal contemplation the entry of "*settled*" was made under the eye and with the sanction of the Court, and in our opinion, it should be considered and taken here as a judicial act, and for that reason, as no longer open to question or controversy in any collateral proceeding. From considerations of sound public policy, as well as upon the authority of adjudged cases involving this question, we think the whole record, including the entry by which the cause was terminated, like all other judicial records when incidentally drawn in question, must be taken as absolutely

true, and as entitled to full faith and credit. *Raborg vs. Hammond;* 2 *H. & G.,* 42. *Ranoul vs Griffie,* 3 *Md. Rep.,* 54. *Bowie vs. Jones,* 1 *Gill,* 208. *Miller vs. Knott,* 12 *G. & J.,* 442. *Weighorst vs. State,* 7 *Md. Rep.,* 442. *State, use of Sprigg vs. Jones,* 8 *Md. Rep.,* 88. Without noticing further the evidence offered for the purpose of impeaching or varying its character, we proceed to consider the effect of the entry in question on the right asserted by the appellee in his bill of complaint. When this case was here on the previous appeal, (reported in 12 *Md. Rep.,* 144,) Eccleston, J., in delivering the opinion of the Court, said: that "in view of the entry *'settled,'* and the circumstances under which the cause of action was withdrawn," the appellant was "entitled to relief," and that too, upon the concession that the judgment subsequently obtained by the appellee against him as executor of Peter Tabler, to bind future assets, was admissible evidence upon the question of the settlement shown by this record. In the case of *Gaither vs. Welch,* 3 *G. & J.,* 259, it was held that a judgment against an administrator was not admissible evidence of a debt, as against real estate in the hands of the heirs at law, and on the strength of that case, although not exactly in point here, we may very properly hold that the judgment to bind assets, *quando acciderint,* subsequently obtained by the appellee, was not admissible either to contradict the fact of the settlement shown by this record, or support his claim against the land devised by the appellant. What then was the effect of the entry in question? Although it would seem to justify the inference of payment, yet that would not be the certain or necessary implication, as the settlement might have been effected by substituting some other security in place of the single bill on which that suit was brought. Bearing in mind the fact that the single bill was filed in the case, and allowed to remain for a period of more than six years after it was entered *"settled,"* we

think it must be understood to mean "satisfaction," or an exhaustion of the right of action on that obligation. This, according to the usage of our Courts, seems to be the import of the term *"settled,"* when introduced or found in a docket entry. In *Evan's Pr.*, 265, it is said, that "when a case is to be finally closed, without the privilege to the plaintiff of renewing it again, the proper entry is, 'agreed;' 'settled' is another entry importing the same thing. If the plaintiff wish to reserve the right of proceeding upon a change of circumstances, and the defendant is willing to purchase present peace by relinquishing his right to costs, the entry is 'off without costs.' " If this be so, it follows as a matter of course, that the appellee has presented no such claim here as a Court of Equity can enforce by decree. We announce this conclusion with less hesitation, as we are satisfied by an examination of the whole evidence in the case, conceding it to be admissible, that the claim set up is not altogether free from other substantial objections. The decree will therefore be reversed with costs to the appellant, and the bill dismissed.

*Decree reversed, and bill dismissed.*