# WM. H. WHITRIDGE ET AL. *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE, TRUSTEES FOR THE McDONOGH EDUCATIONAL FUND AND INSTITUTE.

*Ejectment—Description in Deed—When Calls Prevail Over Courses and Distances—Instructions.*

One of the lines of a tract of land was described in the deed of conveyance by courses and distances and also as "running along the centre of a wagon road to be twenty feet wide." There was a conflict between the course and distance of this line and the call for the wagon road as a boundary, and the evidence showed that the road had been regarded as the dividing line between the tract conveyed by the deed and that reserved by the grantor. *Held*, that it was for the jury to find whether such a road as that described in the deed existed, and also its location, and that the call for such road, if established, prevails over the description by course, distance and quantity, and that consequently the jury was properly instructed that if they find that the intent of the grantor, in the light of all the evidence, was to make the road referred to in the deed the boundary between the land granted and that portion reserved, and that such intent can only be gratified by adopting the centre of the road then existing, where the same does not conform to the courses and distances set out in the deed, then they could disregard the courses and distances where the same do not conform to the centre of the road and determine the boundaries of the grant by the centre line of the road.

*Held*, further, that the appellant was not injured by the fact that this instruction contained the expression "intent of the grantor," instead o "the intent of both parties to the deed."

*Held*, further, that a prayer was properly rejected which declared that the call in the deed to and along a wagon road to be twenty feet wide is not sufficiently certain to govern the description by courses and distances, and that quantity is to be taken as the controlling factor.

Appeal from the Circuit Court for Baltimore County (BURKE, C. J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*J. J. Alexander* (with whom was *J. I. Yellott* on the brief), for the appellant.

*D. G. McIntosh* (with whom was *Robert H. Smith* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action of ejectment brought by the appellee, the Mayor and City Council of Baltimore, trustee of the McDonogh Institute, against the appellants to recover possession of two parcels of land situate in Baltimore County, one containing 1.34-100 acres, more or less, and the other containing 21-100 of an acre, more or less.

Both parties to the record claimed title under one William Tagart, late of Baltimore County, deceased, to whom the land was conveyed by Mary Ann Carroll, by deed dated the 11th day of November, 1853.

The plaintiff's title was derived under the will of Samuel H. Tagart, who inherited the property in dispute from his father, William Tagart.

The defendant's rest their claim upon the title of one Sophia C. Milligan, who obtained twelve acres and thirty-five perches of the original tract, by deed dated May 6th, 1864, of William Tagart.

The case was tried before the Court sitting as a jury, and a judgment was rendered for the plaintiff for the first tract and in favor of the defendants for the second tract of land described in the declaration.

At the trial the defendants reserved two exceptions, one to the admissibilty of testimony, and the other to the granting of the plaintiff's prayer and to the rejection of the defendants' prayers.

The principal dispute in the case arises upon the correct location of the division line between the lands of the plaintiff and defendants. In other words, whether the description in the deed, "thence running along the centre of a wagon road to be twenty feet wide," or whether the description by courses and distances is to control.

It is a well-settled rule of construction in regard to location, that calls, metes and bounds in the description of property

granted are to control if they be established, and the courses ·
and distances disregarded if they do noi correspond with the
calls. *Thomas, lessee,* v. *Godfrey,* 3 G. & J. 142; *Friend* v.
*Friend,* 64 Md. 328; *Wood* v. *Ramsey,* 71 Md. 9.

In this case the courses and distances in the Milligan deed
are inconsistent with the call for the wagon road and the tes-
timony is to the effect, that the road was regarded as the
dividing boundary between the Tagart .and Cross properties
on the east side and the Milligan property on the west side of
the road.

The witness Woolen testified he had known the properties
located on the map for sixty-four years; he knew Mr. and Mrs.
Milligan very well, and they lived where Mr. Whitridge now
lives. The old road has been absorbed by Green Spring ave-
nue, about the centre of it. A portion of Green Spring avenue
now runs over that portion of the old road between Mr. Whit-
ridge and Mr. Cross, and the balance on the McDonogh
property; that he never knew of any road except the road ab-
sorbed by Green Spring avenue and he had known this road
since 1864.

Mr. Cockey testified he had known the road and the prop-
erties binding on it fifty years. As long as he had known it
the road bed had been where Green Spring avenue is now
located, there is no other road there and no marks of any,
and no place for a road to go.

Mr. Malonee testified that he had also known the road run-
ning where Green Spring avenue now is since 1844 and it was
near where Green Spring avenue now is.

Mrs. Claggett testified that the road bed today is where it
was on the 25th day of April, 1867.

Upon this testimony and the other evidence in the case, it
was the province of the Court, sitting as a jury, to find the
facts and to ascertain and determine the question of the exist-
ence of a boundary or call. In other words, whether such a
road as that described in the Milligan deed existed or not, and
whether its road bed or the centre line thereof be the same as
the centre line of Green Spring avenue.

As these questions were determined by the Court sitting as a jury, they are not now before us on this appeal.    *Connelly* v. *Bowie*, 6 H. & J. 141; *Byer* v. *Etnyre*, 2 Gill, 161.

There were two exceptions taken at the trial; the first was not pressed in the argument, nor insisted upon in the appellant's brief.    The appellants were in no way, however, injured by the admission of the testimony set out in this exception, even if the question and answer should be ruled to be irrelevant.    It appears that testimony of other witnesses, upon the same point was subsequently admitted without objection as to the location of the old road bed during the same period.

The second exception brings up for review the action of the Court upon the prayers, that is in granting the plaintiff's first prayer and in refusing the defendant's first and second prayers.

The first prayer of the plaintiff presented the proposition that if the Court sitting as a jury find, that in the deed from Tagart to Milligan the intent of the grantor in the light of all the evidence was to make the road referred to in said deed the boundary between the land granted and that portion reserved, and that such intent can only be gratified by adopting the centre of the road then existing where the same does not conform to the courses and distances set out in the deed, then the Court could disregard the courses and distances where the same do not conform to the centre of the road, and to determine the boundaries of the grant by the centre line of the road.

This prayer submitted the law of the case for the reasons stated and the Court committed no error in granting it.    The technical objection that the prayer is defective because it contained the expression "the intent of the grantor" instead of "the intention of both the parties to the deed," can furnish no reason for reversing the judgment.    The defendants were not injured thereby.

The defendants' first prayer was properly rejected.    It was the converse of the plaintiff's prayer, and was to the effect that by the true construction of the words describing the first seven boundary lines of the lot in the deed from Tagart to

Milligan the lines were to be run according to the courses and distances, &c., as therein expressed.

The defendants' second prayer in substance declared that the calls to and along a wagon road to be twenty feet wide in the deed, are not sufficiently certain to govern the description by courses and distances and that quantity is to be taken as the controlling factor. There was no error in the rejection of this prayer.

The description in the deed, "running along the centre of a wagon road to be twenty feet wide," &c., &c., and the testimony of the witnesses fixed and designated the road as the boundary.

In *Friend* v. *Friend*, 64 Md. 328, it is said, that metes and bounds in the description of the premises granted control courses, distances and quantities when there is any inconsistency or conflict between them.

Finding no error in the exceptions relied on, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided April 20th, 1906.)