# THOMAS CLEMMITT, JR.,

*vs.*

# THE MIEHLE PRINTING PRESS AND MANUFACTURING COMPANY.

*Conditional Sale—Chattel Mortgage—Right of Possession—Effect of Default.*

Where, after chattels had been unconditionally sold and delivered, the vendee, to secure notes for part of the price, executed what was in terms a mortgage thereon to the vendor, such instrument cannot be regarded as in effect a conditional sale, so that the acceptance of part payment of the notes after maturity would constitute a waiver of the right, expressly given, to take possession of the chattels on default.          p. 387

The lien created by a chattel mortgage is not lost merely because it was not enforced immediately after default, and payments of part of the debt were afterwards accepted.          p. 388

A formal written demand, absolute in form, made by the mortgagee's attorney, for the surrender of the mortgaged chattels, not having been withdrawn, it was not nullified by his contemporaneous promise to communicate with his client in regard to the mortgagor's desire for a further extension of time in connection with another partial payment.          p. 388

The effect of the execution and delivery of a chattel mortgage being to vest in the mortgagee the right of possession as an incident of the title, subject only to an express reservation of possession in the mortgagor until default, the mortgagee's right of possession on default was independent of the validity of a provision conferring a power of sale.          p. 389

In replevin by a chattel mortgagee to recover possession of the mortgaged property upon default in payment of the debt secured, questions as to the proper mode of subsequently disposing of the property and accounting for the proceeds are not to be considered.          p. 389

*Decided April 23rd, 1920.*

Appeal from the Superior Court of Baltimore City (BOND, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*Armstrong Thomas* and *J. Purdon Wright,* for the appellant.

*Hyland P. Stewart* and *Warren A. Stewart,* for the appellee.

URNER, J., delivered the opinion of the Court.

In December, 1912, the appellant bought two printing presses from the appellee corporation for the sum of $3,600. The presses were delivered to the appellant and installed at his printing office some time in February, 1913. Subsequently by a chattel mortgage, dated February 28, 1913, the title to the two presses was conveyed to the appellee to secure a balance of $3,100 owing on the purchase price. The amount thus secured was represented by twenty-four promissory notes of $75 each and one of $1,300, all bearing the same date as the chattel mortgage and maturing at various periods ranging from one to twenty-four months. All of the notes had matured by February 28, 1915, but at that time only twelve of the seventy-five dollar notes had been paid. Upon the remaining notes, aggregating $2,200, payments were made during the next three years to the total amount of $500. On February, 13, 1918, there was due the appellee, on account of the indebtedness secured by the chattel mortgage, the sum of $1,700 as principal and $609 as interest. A written demand was then made upon the appellant by the appellee for the delivery of the printing presses, under the terms of the mortgage, and this was followed promptly by the pending action of replevin. The appeal is from a judgment in favor of the appellee's right to the possession of the property seized under the writ.

The only exception in the record relates to the refusal of three prayers offered by the defendant. One of the questions raised by the prayers is whether the right of the mortgagee to recover possession of the mortgaged chattels was waived by the acceptance of partial payments on the mortgage debt after maturity. It was provided by the chattel mortgage that the appellant should have the right to retain possession of the printing presses therein described unless default were made in any of the payments specified, and it was covenanted that in case of any such default, or if the mortgagee should feel insecure or fear diminution, removal or waste of the property, or if any writ or distress warrant should be levied thereon, then, in any such event, all of the notes secured by the mortgage should, at the option of the mortgagee, without notice, become at once due and payable, and the mortgagee should thereupon have the right to take immediate possession of the mortgaged property and dispose of it at public or private sale, applying the proceeds to the satisfaction of the unpaid mortgage indebtedness and paying the surplus to the mortgagor. The argument that the acceptance of sums in part payment of the mortgage notes after their maturity constituted a waiver of the mortgagee's right to take possession of the designated chattels after default is based upon the theory that the instrument to which we have referred, while a mortgage in form and self-description, may be regarded as having the effect of a conditional sale. In the case of such a contract, where the right is reserved to the vendor, at his option, to annul the transaction and retake the goods sold, in default of the payment of any installment of the price, without refunding any sums paid by the vendee, it has been held that an acceptance of a payment, or a promise of further indulgence, after the default has occurred, is a waiver of the right to declare and enforce the forfeiture. *Cole* v. *Hines,* 81 Md. 476. The effort is made to apply that principle to the present controversy, but in our opinion it is clearly in-

applicable. The right here asserted by the plaintiff does not involve a rescission of the contract between the parties and the forfeiture of all the defendant's interests. It is simply the right of a mortgagee to enforce a lien provided as a security for the payment of a debt. The essential features of a conditional sale are not present in this case. The property in litigation had been unconditionally sold and delivered to the vendee before his chattel mortgage to the vendor was executed. By that instrument the unqualified title previously acquired by the mortgagor was conveyed to the mortgagee as security for a stated indebtedness. The lien thus created could not upon any just principle be held to have been lost merely because it was not enforced immediately after default and because payments of part of the debt were afterwards accepted.

One of the prayers involved the theory that the effect of the formal demand by the mortgagee's attorney for the surrender of the printing presses was nullified by his promise on that occasion to communicate with his client in regard to the mortgagor's desire for a further extension of time in connection with another partial payment. The rejection of the prayer was proper as the evidence was not sufficient to support the conclusion to which it was directed. The written demand was absolute in form, and it was not withdrawn. It appears that the removal of the mortgaged property was considered necessary to place it beyond the risk of being distrained for rent owing by the mortgagor, which had become in arrears for a period of more than four years and for an amount in excess of $4,000.

The only other question presented by the prayers is in reference to the validity of the power conferred by the mortgage under which the presses were sold after their removal. The contention is that the power of sale was invalid because the mortgage attempted to vest it in a corporate mortgagee, and that therefore the right to recover and sell the mortgaged

property could not be enforced. If it be conceded that the mortgagee was itself incapable of executing the power of sale, there is no occasion to hold that its right to the possession of the mortgaged chattels after default could not be asserted. The latter right existed independently of the provision in the mortgage as to the power of sale. The effect of the execution and delivery of the mortgage was to vest in the mortgagee the right of possession as an incident of the title, subject only to the reservation of possession in the mortgagor until default. If there had been no such reservation, the mortgagee would have been entitled to immediate possession. *Shorter* v. *Dail,* 122 Md. 101; *McGuire* v. *Benoit,* 33 Md. 181. In the opinion delivered by Judge Burke in the first of the cases just cited a quotation from 5th *Elliott on Contracts,* Sec. 4835, on the subject of chattel mortgages, concludes as follows: "A reservation of possession in favor of the mortgagor only affects the possession according to the terms of the reservation, the title to the property in the meantime remaining in the mortgagee, who becomes entitled to possession immediately upon breach of the condition." In this case the default in the payment of the mortgage debt undoubtedly terminated the mortgagor's reserved right of possession and transferred it to the mortgagee. This result is not subject to qualification because of any question as to the validity of the power of sale which the mortgage purports to confer. It is solely with the right of possession that this action of replevin is concerned. Any question as to the proper method of subsequently disposing of the mortgaged property and accounting for the proceeds could readily be raised in an appropriate proceeding, but it is not pertinent to the present action.

*Judgment affirmed, with costs.*