# BALTIMORE CITY COURT.

Filed October 8, 1927.

THE FRANCIS P. BURGESS COMPANY
VS.
THE EVERLASTONE PRODUCT CORPORATION.

*E. P. Mason* for plaintiff.
*Robert J. Caplan* for defendant.

STEIN, J.—

In an able argument in support of this motion counsel based the plaintiff's right to a new trial upon three grounds, viz:

1. Misconduct in the jury room of two jurors.

2. That the evidence does not support the verdict.

3. The Court's error in granting the defendant's second prayer.

After giving full consideration to the argument and citation of authorities in support of the second and third

grounds, I do not find either well founded. The second prayer states the law correctly; granting if error, was harmless error, as the verdict for the plaintiff shows the jury did not find for the defendant on the facts recited in the prayer.

The ground first above named, i. e., misconduct of two jurors in the jury room, is based upon a juror's affidavit to the effect that while discussing the case in the jury room, two jurors, one named, the other neither named nor known, "refused to unite in a verdict for the plaintiff; because they had had business dealing with the defendant, which made them feel bound to find a verdict for it; that after nearly three hours' deliberation, the jurors could not agree upon a substantial verdict for the plaintiff; and finally agreed to return and did return a verdict for the plaintiff for one dollar."

The defendant filed a motion that this affidavit be not received because a juror's attempt to impeach a verdict to which he had agreed; the plaintiff replied that the affidavit was filed to show the verdict was based on reasons not recognized by law, which is the defendant's contention in different words.

In Bosley vs. Chesapeake, 3 G. & J., 450 at 473, Archer, J., held:

"That the testimony of jurors cannot be heard to impeach their verdict, whether the conduct objected to in the jury be misbehavior or mistake; * * * were the law different, an inquisition might be instituted in every case, into the grounds and motives of a jury for their finding, in order to ascertain whether, in coming to given conclusions, they had not mistaken facts. Verdicts of juries would then in all cases be uncertain. To permit such inquisition into the motives of juries would, it appears to me, be against public policy, and lead more frequently to the prostration of justice than to its preservation."

This our Court of Appeals affirmed in many cases; one of the latest is Kelly vs. The Huber Baking Co., 145 Md. 321, in which it held, pp. 328-329:

"That the affidavit of a juror to impeach his own verdict was inadmissible while if the facts which it embodies are true, it might be used to warrant appropriate proceedings to punish persons who attempted to discredit the administration of justice by improperly influencing the verdict of the jury; under no circumstances could the affidavit be considered for the purposes for which it was offered at the hearing of the motion for a new trial."

In Brinsfield vs. Howeth, 110 Md. 520, the Court, Burke, J., held, pp. 530-531:

"The rule, which obtains in nearly all States, is that a juror will not be permitted to impeach his verdict. It prevails both in England and in the Federal Courts. The reason for the rule is thus stated in 14 Ency. Pl. & Pr. 906; 'such evidence is forbidden by public policy, since it would disclose the secrets of the jury room and offered an opportunity for fraud and perjury. It would open such a door for tampering with weak and indiscreet men, that it would render all verdicts insecure and, therefore, the law has wisely guarded against all such testimony and has considered it unworthy of notice. It would be a most pernicious practice, and in its consequences dangerous to this most valued mode of trial, to permit a verdict openly and solemnly declared in the Court, to be subverted by going behind it and inquiring into the secrets of the jury room'."

"This is also the Maryland rule (Bosley vs. Chesapeake, 3 G. & J. 473; and Browne vs. Browne, 22 Md. 104), and we are not aware of a single instance in this State in which it has not been followed. Such affidavits, if admitted, are entitled to very little consideration, and *would not be sufficient in themselves* to disturb the verdict."

In Browne vs. Browne, supra, 22 Md. 114, after affirming the general rule, the Court, Bartol, J., said:

"We do not mean to say the affidavits of jurors impeaching their verdict ought in no case to be allowed. As was said by Chief Justice Taney, speaking for the Supreme Court (U. S. vs. Reid, 12 Wheat. 336), 'it would hardly be safe to lay down any general rule upon this subject. Cases might arise in which it would be impossible to refuse them without violating the plainest principles of justice.'"

While the affidavit cannot be considered, yet it could be, in the language of Judge Burke, Brinsfield vs. Howeth, 110 Md., supra, I would hold it:

"Entitled to very little consideration and not sufficient in itself to disturb the verdict."

To hold otherwise would mean, not only that the named jurors acted improperly, but that the other ten jurors "acquiesced in a verdict they knew was not warranted by the evidence, instead of reporting to the Court their inability to agree."

The motion to strike the affidavit from the files will be granted.