WILLIAM H. WHYTE, Trustee *vs.* THE BETTS MACHINE
COMPANY. THOMAS H. PAUL *vs.* THE BETTS MA-
CHINE COMPANY.

*Involuntary Insolvency—Article* 48, *section* 24, *of the Code,
(Act of* 1880, *ch.* 172)—*Corporation as a Creditor—Evi-
dence—Practice.*

Under a proceeding in involuntary insolvency under section 24, of
Article 48, of the Code, as enacted by the Act of 1880, ch. 172, it
was HELD:

1st. That all that is required by the statute, in prescribing the allega-
tions of the petition, is a statement of the facts with sufficient cer-
tainty and directness to show the acts of insolvency upon which
the petitioning creditor relies for the adjudication.

2nd. That it was not necessary as a matter of pleading, that the
petitioning creditor, representing itself as a foreign corporation,
should have alleged and exhibited with the petition proof of the
fact that it was a legally incorporated body. But to entitle the
petitioner to an adjudication against the debtor it would doubtless
be necessary that proper proof be exhibited of its existence as a
corporation.

The petition was signed by the B. M. Co., by E. T. B., treasurer, and
it was also signed by the attorney filing the same; and it was
sworn to by the treasurer, with a certificate of the oath by a notary
public, under seal. HELD:

1st. That this was all that should be required in the first instance in
authentication of the act of the corporation.

2nd. That if the authority from the corporation to institute the pro-
ceedings should be questioned, then, before adjudication should
be had, it would be necessary to establish the existence of such
authority from the corporation; or upon failure so to do, the pro-
ceedings would be liable to be dismissed.

The jurisdiction of the Circuit Courts of this State over proceedings
in insolvency is of a limited nature, and the mode of procedure,

being prescribed by statute, must be pursued in the manner prescribed and not otherwise.

Only one mode of notification to the alleged insolvent debtor of the institution of the proceedings against him, is provided by the statute (1880, ch. 172,) and that is by the service of a summons upon him. By that process he is to be warned to appear and show cause against the proposed adjudication against himself and his property. It was alleged in the petition in this case that the debtor had departed from the jurisdiction and was beyond the reach of the only process provided for by the statute. The summons that issued against him was returned without service, and not even a copy, as was directed by the preliminary order of the Court, was left at his last place of abode within the jurisdiction. On appeal from the order of adjudication, it was HELD:

1st. That in such state of case it was not within the power or jurisdiction of the Court below, to proceed on an *ex parte* hearing to adjudicate the party an insolvent, and appoint a trustee whereby all the property of the debtor was divested out of him and transferred to such trustee.

2nd. That while this Court reversed the order appealed from, yet inasmuch as the debtor had appeared to the proceedings after the order of adjudication was passed, the case should be remanded in order that he might have an opportunity to show cause against the adjudication prayed for, and to have the benefit of trial as provided by the statute.

APPEALS from the Circuit Court for Baltimore County.

The proceedings in this case were instituted by the following petition, filed on the 19th of May, 1883, addressed to the Circuit Court for Baltimore County, and authenticated in the manner stated in the opinion of the Court:

The petition of the Betts Machine Company, a corporation duly incorporated under the laws of the State of Delaware, respectfully shows that your petitioner is a creditor of Thomas H. Paul, of Baltimore County, in an amount exceeding two hundred and fifty dollars, to wit, in the sum of four thousand nine hundred and ninety-nine and $\frac{93}{100}$ dollars, upon two promissory notes, now over-due, drawn by the said Thomas H. Paul, and one John T. H.

Paul, trading as Thomas H. Paul & Son, in favor of your petitioner, one dated the 26th day of January, 1883, and payable ninety days after date, for the sum of $2000, and one other, dated the 3rd day of March, 1883, and payable thirty days after date, for the sum of $2999.93, copies of which notes are filed herewith.

2. That said Thomas H. Paul, within sixty days before the filing of this petition, to wit, on or about the 21st day of April, 1883, did depart from this State, with intent to defraud his creditors.

3. That said Thomas H. Paul, within sixty days, &c., to wit, on or about the 21st day of April, 1883, did remain absent from this State with intent to defraud his creditors, and still remains absent from this State with such intent.

4. That said Thomas H. Paul, within sixty days, &c., to wit, on or about the 21st day of April, 1883, concealed himself to avoid service of process upon him, in an action for the recovery of a debt, and still continues to conceal himself to avoid service of said process.

5. That said Thomas H. Paul, within sixty days, &c., to wit, on or about the 20th day of April, 1883, concealed himself to avoid service of process upon him, in an action for the recovery of a debt brought against him and a certain John T. H. Paul, by the Stanford Steel Works, in this Court.

6. That said Thomas H. Paul, within sixty days, &c., to wit, on the 13th day of April, 1883, made two transfers of parts of his property in Baltimore City, to one Michael Sheehan, of said city, with intent to delay, hinder and defraud his creditors.

7. That said Thomas H. Paul, within sixty days, &c., to wit, on the 18th day of April, 1883, made two other transfers of parts of his property in Baltimore City, to one Michael Sheehan, of said city, with intent to delay, hinder and defraud his creditors.

9. That the said Thomas H. Paul, within sixty days, &c., to wit, on the 13th day of April, 1883, being a manufacturer, and being insolvent or in contemplation of insolvency, made two transfers of parts of his property to one Michael Sheehan, of Baltimore City, and thereby gave an unlawful preference to said Sheehan.

10. That said Thomas H. Paul, within sixty days, &c., to wit, on the 18th day of April, 1883, being a manufacturer, and being insolvent, made two other transfers of parts of his property to one Michael Sheehan, of Baltimore City, and thereby gave an unlawful preference to said Sheehan.

11. That said Thomas H. Paul, within sixty days, &c., to wit, on the 20th day of April, 1883, being a manufacturer, and being insolvent, made a deed of all his property to W. Hollingsworth Whyte, giving unlawful preference to Jacob Humbird, the Second National Bank of Cumberland, Keyser Brothers and Company, and the employés of said firm of Thomas H. Paul and Son.

12. That the said Thomas H. Paul, within sixty days preceding the filing of this petition, to wit, on the 5th day of April, 1883, being a manufacturer, and being insolvent, fraudulently stopped payment of his negotiable paper, to wit, the said promissory note last hereinbefore mentioned.

13. That the said Thomas H. Paul, within sixty days preceding the filing of this petition, to wit, on the fifth day of April, 1883, being a manufacturer, and being insolvent, suspended payment of his negotiable paper, to wit, the said promissory note last above mentioned, and although more than twenty days have elapsed since the maturity and dishonor thereof, has failed to resume payment thereof.

14. That the said Thomas H. Paul, within sixty days preceding the filing of this petition, to wit, on the 5th day of April, 1883, being a manufacturer, and when in con-

templation of insolvency, suspended payment of his ne-
gotiable paper, to wit, said promissory note last above
mentioned, and although more than twenty days have
elapsed since the maturity and dishonor thereof, has failed
to resume payment thereof.

15. And so your petitioner charges, that the said Thomas
H. Paul, manufacturer as aforesaid, has thereby com-
mitted acts of insolvency within sixty days preceding the
filing of this petition, and contrary to the provisions of the
statute in such case made and provided, and is liable to
be adjudged an insolvent.

16. Your petitioner therefore prays that process may
be issued against said Thomas H. Paul, and that he may
be adjudicated an insolvent, and that a trustee may be
duly appointed to take charge of and administer his prop-
erty for the benefit of his creditors, according to the course
of the Court, and that your petitioners may have such
other and further relief as its case may require.

The following are copies of the promissory notes referred
to in the foregoing petition:

($2000$\frac{00}{100}$) BALTIMORE, MD., Jan'y 26th, 1883.

Ninety days after date, we promise to pay to the order
of Betts Machine Co. two thousand $\frac{00}{100}$ dollars, at National
Exchange Bank of Baltimore.

Value received. THOS. H. PAUL & SON.

($2999$\frac{93}{100}$) BALTIMORE, MD., March 3rd, 1883.

Thirty days after date, we promise to pay to the order
of Betts Machine Co. twenty-nine hundred and ninety-nine
$\frac{93}{100}$ dollars, at National Exchange Bank of Baltimore.

Value received. THOS. H. PAUL & SON.

An appeal from the order adjudicating the debtor to be
an insolvent, and appointing a preliminary trustee, was
taken by Wm. H. Whyte, as trustee of Thomas H. Paul,
on the 16th of July, 1883, and on the 2nd of August, 1883,

OCTOBER TERM, 1883. 177

Whyte, Trustee vs. Betts Machine Co. Paul vs. Same.

Thomas H. Paul appeared by attorney, and prayed an appeal on his behalf, as distinct from the appeal of his trustee.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*Wm. Pinkney Whyte*, for the appellants.

*John T. Mason R.*, and *Randolph Barton*, for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This is a proceeding instituted under section 24 of Article 48, of the Code, as enacted by the Act of 1880, ch. 172. It is a proceeding in involuntary insolvency instituted by the Betts Machine Company, alleged to be a corporation created by the laws of the State of Delaware, against Thomas H. Paul as an insolvent debtor.

The petition, in the terms of the statute, alleged that Paul had departed from the State, with intent to defraud his creditors; that he remained absent, and continued to remain absent, at the time of filing the petition, with the intent of defrauding his creditors; that he had concealed himself to avoid the service of process upon him, in an action for the recovery of debt, &c.; that he had assigned his property with an intent to delay, hinder, and defraud his creditors, and to give an undue and unlawful preference, &c.; and had committed other acts of insolvency.

The petition prayed that process might be issued against the debtor; that he might be adjudicated an insolvent; and that a trustee might be appointed to take charge of and administer his property, for the benefit of creditors, &c.

Upon this petition an order was passed, directing a summons to issue against Paul, and the same, together

with a copy of the order, to be served upon him, if he could be found, and if he could not be found, that it be left at his last place of residence, commanding him to show cause, on or before a certain day, why he should not be adjudicated an insolvent. Neither the summons nor the order was served. The summons was renewed, and was returned "not found, and no tenant in possession." And thereupon the Court, without service upon or appearance of the debtor, proceeded to hear the case, and to adjudicate the debtor to be an insolvent, and to appoint a preliminary trustee. It is from the order thus passed that this appeal is taken.

Whether these proceedings conform to and are authorized by the provisions of the statute to which we have referred, is the principal subject of inquiry on this appeal. On the part of the appellant it is contended that the proceedings are radically defective, and are, on several grounds, void and without effect; while on the part of the appellee, it is contended, that the proceedings are in all respects regular and valid.

The section of the statute referred to provides, that the "petition shall allege the facts upon which the application is grounded, and pray for process against the debtor, and an adjudication of insolvency, and shall be verified by the affidavit of the petitioner. The Court shall thereupon issue summons for the debtor, and require him to show cause within not less than five nor more than ten days, why such adjudication shall not be made. Upon any issue of fact which may arise, either party shall be entitled to a trial by jury, but the parties to said cause may waive the said jury trial, and be heard by the Court on the issue of fact; and the trial shall take place at the term during which the petition was filed, and as speedily as may be; and pending the determination of the application for such adjudication, the Court may, in its discretion, issue an order in the nature of an injunction, to restrain the debtor

from disposing of his property, or such other orders, and upon such terms and conditions as the Court may deem necessary, &c.   If the allegations of the petition shall not be sustained, the respondent shall recover judgment for costs against the petitioner; and if the allegations be sustained and are sufficient to warrant the same, an adjudication shall be made by the Court, that the debtor is insolvent," &c., and shall appoint a trustee ; whereupon the debtor shall be divested of all his property, &c.

1.   The first objection to the proceedings is, that the petition is defective in not containing a sufficiently full and explicit statement of facts, to justify the Court in adjudicating the debtor an insolvent.   But we are unable to perceive how the allegations are deficient in the statement of the facts.   All that is required by the statute is a statement of the facts with sufficient certainty and directness to show the acts of insolvency upon which the petitioning creditor relies for the adjudication.   This we think the petition contains with sufficient certainty.

2.   It is next objected, that the petitioning creditor, representing itself as a foreign corporation, should have alleged and exhibited with the petition, proof of the fact that it is a legally incorporated body.   But this, we think, is unnecessary as matter of pleading.   To entitle the petitioner to an adjudication against the debtor, it will, doubtless, be necessary that proper proof be exhibited of its existence as a corporation.   But in the petition, in a case like the present, it is not necessary that the petitioner should set forth by averment, and make profert of its charter, to show how and in what special manner it was incorporated.   That is matter of proof.   *Agnew vs. Bank of Gettysburg*, 2 *H. & G.*, 478, 493 ; *Angell and Ames on Corp.*, secs. 632, 633.

3.   The next objection is, that the petition is not sufficiently authenticated as the act of the corporation.   But we are of opinion that this objection is not tenable.   The

petition is signed by the Betts Machine Company, by Edward T. Betts, Treasurer; and it is also signed by the attorney filing the same; and it is sworn to by Betts as treasurer, with a certificate of the oath by a notary public, under seal.   This, we think, is all that should be required in the first instance.   If the authority from the corporation to institute, or to prosecute, the proceedings be questioned, then, before adjudication had, it will be necessary to establish the existence of such authority from the corporation; or, upon failure so to do, the proceedings would be liable to be dismissed.   *Merriam and White vs. Sewall,* 8 *Gray,* 316, 322.

4. We come now to an objection of a more serious and important nature, and that is, that as there was no service of process upon the debtor, or other legal notification given him of the pendency of the proceedings, the order of the Court, adjudicating him to be an insolvent and appointing a trustee to take charge of his property, was *coram non judice* and void.

It will be observed, from the terms of the statute recited, that the Legislature has provided but one mode of notification to the alleged insolvent debtor of the institution of the proceedings against him, and that is by the service of a summons upon him.   By that process he is to be warned to appear and show cause against the proposed adjudication against him and his property.   The statute clearly contemplates the right, on the part of the debtor, to be heard, and to a full and fair trial, before he shall be adjudged to be an insolvent, and be divested of all his property.   The proceeding in its nature is a severe one, and may be subject to abuse.   Indeed, no more important or vital proceeding could be taken against a merchant or a tradesman, for it at once strikes at the existence of his business and of his credit. It is of the utmost consequence, therefore, that the right of being heard before judgment

should be secure to the debtor. How, then, is a case like the present to be dealt with ? It is perfectly well settled that the jurisdiction of the Circuit Courts of this State over proceedings in insolvency is of a limited nature, and the mode of procedure, being prescribed by statute, must be pursued in the manner prescribed, and not otherwise. Here the debtor, as it is alleged, had departed from the jurisdiction, and was beyond the reach of the only process provided for by the statute. No provision is made for notice by publication, or any other merely constructive notice. The summons that issued against the party was returned without service, and not even a copy, as was directed by the preliminary order of the Court, was left at his last place of abode within the jurisdiction. In such state of case, was it within the power or jurisdiction of the Court below to proceed, on an *ex parte* hearing, to adjudicate the party an insolvent, and to appoint a trustee, whereby all the property of the debtor was divested out of him, and transferred to such trustee ? To warrant such a strong summary proceeding, which may, in many cases, be so serious in its consequences, should require some express provision of law. But as we have seen from the statute recited, (the only one making provision upon the subject,) there are no terms employed that impart such power. There is no proceeding provided for where the party has not been served with process, and where he does not appear. That some mode of constructive notice by publication, such as we find in the United States bankrupt law, was not provided for to meet the exigencies of a case like the present, would seem to be strange, and the more so, as the absence of the debtor from the State to defraud his creditors, and the concealment of himself to avoid process against him, are made acts of insolvency, upon which proceedings may be based. These omissions or defects, however, are beyond the power of the Court to supply by mere con-

struction, and they must therefore be left to the corrective power of the Legislature.

Those provisions of our insolvent law that relate to involuntary proceedings against the debtor, are largely borrowed from the Bankrupt Act of the United States; and the construction and practice that prevailed, while that law was in force, are entitled to great consideration in solving questions that arise under our statute.

Under the Bankrupt Act, the mode of giving notice to the debtor petitioned against, or to a member of a partnership who refused to join the other partners in an application to have the firm declared bankrupt, was this:

"A copy of the petition and order to show cause shall be served on the debtor by delivering the same to him personally, or leaving the same at his last or usual place of abode, or, if such debtor cannot be found, and his place of residence cannot be ascertained, service shall be made by publication, in such manner as the Judge may direct. No further proceedings, unless the debtor appear and consent thereto, shall be had until proof shall have been given to the satisfaction of the Court, of such service or publication; and if such proof is not given on the return day of such order, the proceedings shall be adjourned, and an order made that the notice be forthwith so served or published." *Rev. St. U. S., sec.* 5025.

Under this provision, where there had been personal service of the order on a non-joining member of a firm petitioning to be declared bankrupt, who lived in another State, and beyond the jurisdiction of the District Court and of the Circuit in which the proceedings were instituted, it was held by the Supreme Court of Iowa, in the case of *Stuart, Assignee vs. Hines, et al.,* 33 *Iowa,* 60, that such personal service, though made on the party out of the State and beyond the jurisdiction of the Court, was effectual, upon the ground that personal service might be

made anywhere. But in that case it was conceded that notice was essential, and as the party was in fact found, though beyond the jurisdiction of the Court, it was held he could not be affected by publication, and unless the personal service was good the provision of the statute would be without effect in such case as that. But in the subsequent case of *Isett vs. Stuart*, 80 *Ill.*, 404, the Supreme Court of Illinois, with the case in Iowa before them, held that such personal service on the party, while out of the State and beyond the jurisdiction of the Court, was simply a nullity, and that the adjudication of bankruptcy founded on such service was void. They held that the words "cannot be found," in such cases, are to be understood with reference to the place where there is authority to make service, and that there was no authority given by the statute to make service beyond the jurisdiction of the Court; and for want of due service upon the party the adjudication was void. They refer to the case of *Ala. & Chatt. R. R. Co. vs. Jones*, 5 *Bankrupt Register*, 97, as maintaining the same conclusion.

In the case now under consideration, as we have seen, there has been no service at all, and nothing as a substitute therefor that was authorized by the statute. If therefore notice be essential to the validity of such proceedings, it is clear that the adjudication made in this case was without the warrant of law.

But while we shall reverse the order appealed from we shall remand the cause. After the order of adjudication was passed the alleged insolvent debtor appeared to the proceedings. We shall therefore remand the case that he may have an opportunity to show cause against the adjudication prayed for, and to have the benefit of trial as provided by the statute.

The reversal of the order on the appeal of Paul, the debtor, renders it altogether unnecessary that we should consider whether the appeal, from the same order taken by

---

W. H. Whyte, the conventional trustee, could be sustained or not. That appeal, therefore, will be dismissed.

> *Order reversed, and*
> *cause remanded.*
> *Appeal of W. H. Whyte, trustee,*
> *dismissed.*

(Decided 9th January, 1884.)