ADOLPH T. PFAFF *vs.* HARRY PRAG, and others, trading as H. PRAG & BROS., and others.

*Deed for Benefit of Creditors—Validity—Act of Insolvency.*

A voluntary deed of trust, conveying, without reservation or exception, all of a debtor's property to a trustee of his own selection, for the benefit of all the grantor's creditors, without preference or priority, is not an act of insolvency, within the meaning of section 24 of Article 47 of the Code, which provides that "if any deed * * * * be made of any goods * * * * by any person belonging to any of the classes mentioned in section 14, when insolvent * * * * the same shall be *prima facie* intended to hinder, delay and defraud the creditors of the person by whom the same is made, and the burden of proof shall rest upon him and the grantee to explain the same, and show the *bona fides* thereof "; such provision being levelled at conveyances that strip an insolvent of any part of his property, and at the same time place that property beyond the reach of his creditors.

The omission of the letters i n before the word "sufficient," in that part of a deed of trust for the benefit of creditors directing a *pro rata* distribution of assets, if they should be "sufficient" to pay in full all the creditors, is an inadvertence, and does not impair the validity of the deed.

APPEAL from the Court of Common Pleas.

This case was tried before the Court below (PHELPS, J.,) without the aid of a jury, upon an agreed statement of facts, which are sufficiently set out in the opinion of this Court. The Court below was requested by the parties to enter a judgment in accordance with its opinion on the law, the right to appeal from such judgment being reserved.

The cause was argued before ROBINSON, C. J., BRYAN, ROBERTS, McSHERRY and BRISCOE, J.

*Alfred S. Niles,* and *Oscar Wolff,* (with whom was *Frederick W. Feldner,* on the brief,) for the appellant.

*Martin Lehmayer,* and *Edwin Harvie Smith,* for the appellees.

McSHERRY, J., delivered the opinion of the Court.

There are but two questions presented by this appeal. The first and principal one is this: Is a voluntary deed of trust, conveying, without reservation or exception, all of a debtor's property to a trustee of his own selection, for the benefit of all the grantor's creditors, without preference or priority, an act of insolvency within the meaning of *Art. 47, sec. 24, of the Code?* And the second and subordinate one is, whether the deed is defective on its face, and as a consequence constructively fraudulent? We think both questions are entirely free from difficulty.

Pfaff, the appellant, being a merchant and trader, and being indebted to sundry persons, executed to one Rountree a deed of trust, bearing date September 13th, 1893, whereby he conveyed all of his property of every kind and description, in trust, to be applied " without unnecessary delay," to the payment in full of all debts due and owing by him " without preference or priority * * * * if the net proceeds shall be sufficient therefor, and, if —*sufficient,* then to the payment of the aforesaid debts *pro rata,* without preference or priority." Rountree accepted the trust, and then proceeded to collect, and did collect, and convert into cash, the bulk of the estate, which he now holds under the deed of trust. On December the 29th, 1893, the appellees, creditors of Pfaff, filed a petition against him in insolvency, alleging that this deed was an act of insolvency; and after an answer was filed, denying the averments of the petition, the Court adjudged Pfaff to be an insolvent, and struck down the deed of trust as a fraudulent and pro-

hibited conveyance under *section* 24, *Article* 47 *of the Code*. From that order or adjudication this appeal was taken.

The section just alluded to provides that "if any deed, conveyance, assignment, gift, transfer or delivery be made of any goods, chattels, money, choses in action, lands, tenements or other property, or lien created thereon by any person belonging to any of the classes mentioned in section 14, when insolvent or in contemplation of insolvency, the same shall be *prima facie* intended to hinder, delay and defraud the creditors of the person by whom the same is made, and the burden of proof shall rest upon him and the grantee to explain the same and show the *bona fides* thereof; provided, the creditors of the grantor in such deeds, conveyances or assignments shall avail themselves of the provisions of this Article."

It is clear, we think, that this provision was levelled at all conveyances which strip an insolvent of any part of his property, and at the same time place that property beyond the reach of his creditors. And as the primary object of the whole insolvent system was to devote the debtor's estate to the payment of all his creditors, without other priorities than such as exist by law, a conveyance which, though voluntary, is designed to serve, and does serve precisely the same end, is within the policy of the insolvent system, and not repugnant to it, unless tainted with actual fraud on the part of both the debtor and trustee. If precisely the same result which the insolvent law seeks to accomplish is attained by means of a deed of trust, it is difficult to see how such a deed is, *per se* or *prima facie,* intended to hinder and delay creditors. Upon its face it shows just the opposite purpose. It does not put the debtor's property beyond the reach of his creditors; on the contrary, it devotes his whole estate to the payment of their claims. It secures no more benefit to the debtor than if he had gone into voluntary insolvency, and it burthens

the creditors with no greater cost or delay. The statute was passed to strike down all conveyances and transfers which interfered with an equal distribution of a debtor's estate, unless those conveyances and transfers were shown by both grantors and grantees to be *bona fide;* and from the nature of the mischief intended to be remedied, the enactment does not include, and was obviously never intended to include, a conveyance or transfer which, without creating preferences or priorities, effects, through a trustee, just exactly that same equal distribution of the grantor's assets. In *Collier and Shea vs. Hanna and Smith,* 71 *Md.*, 257, we said, in speaking of the duty of an insolvent firm: " The firm, as well as the individual partners, were then insolvent, and knew that they were so. The obvious, honest and straightforward course for them to pursue, if they were unwilling to go into voluntary, or to be thrown into involuntary, insolvency, was for both of them to convey, by a joint deed, all their partnership and individual property to an assignee for the benefit of their partnership and individual creditors." And in an earlier case. *Ferrall vs. Farner,* 67 *Md.*, 76, in dealing with a voluntary deed of trust, this Court said: " That the property rests in a trustee for his benefit, cannot hinder and delay the creditor, either in law or in fact. If he, the trustee, performs his duty, such deed expedites and hastens the settlement of the claims of the creditors." Both of these cases were decided some years after the passage of the statute now forming *sec.* 24 *of Art.* 47 *of the Code.*

But it is insisted that a different result was reached in a more recent case, *Riley et al. vs. Carter and Aiken, Trustees,* 76 *Md.*, 581, and further, that, if the construction placed by the Federal Courts upon the National Bankrupt Act be followed, the execution of the deed of trust was in itself an act of insolvency. We cannot assent to either of these propositions. No such question was before us in the *Riley and Carter case* as we have here. There the

Pfaff *vs.* Prag et al.

debtor had committed an act of insolvency, and then made a deed of trust. He was subsequently proceeded against under the insolvent law, not because he made the deed of trust, but because, being a banker, he had suspended payment of his negotiable paper, and had not resumed payment thereof within twenty days. Having been adjudged an insolvent for that reason, the deed of trust was stricken down, not because its execution was an act of insolvency, under the statute, but because it was not competent for the debtor by his own act to transfer his estate to a trustee of his own selection, when he had previously by a totally different act brought himself within the provisions of the insolvent law, which was subsequently enforced against him. The language used in the opinion in that case, and relied on here as sustaining the position that no valid deed of trust can be made at all, must be understood as applying to the facts then before the Court; and when read in connection with the whole context, and considered in relation to the question then under discussion, it has no such signification as the appellees ascribe to it. Had this Court intended to lay down the broad doctrine that a deed of trust conveying all a debtor's property for the benefit of all his creditors, unconditionally and without preferences, was an act of insolvency, in itself, and void under the insolvent law, it would have said so in plain terms, and would have flatly overruled in unequivocal language its prior decisions to a contrary effect.

The construction placed upon the bankrupt Act of 1867 cannot control the determination of the question now under consideration. And this is so for a very obvious reason. Whilst it was held, under that Act, that a deed of trust was invalid if the grantor was proceeded against according to the provisions of that statute, it was so held because the bankrupt Act contained a clause, not found in our insolvent law, prohibiting any conveyance made " with the intent, by such disposition of his property, to defeat or

delay the operation of this Act." *Sec.* 39, *Bankrupt Act of* 1867. A deed of trust would of course have defeated the operation of the bankrupt Act; and because it would have done so, it was not allowed to stand, if assailed within the time prescribed by that statute. But there is no similar provision in our insolvent law, and it cannot be imported into the statute by intendment or construction. The construction placed upon the bankrupt Act, and the practice that prevailed under it, are entitled to great consideration in solving questions that arise under similar provisions of our statutes. *Whyte, Trustee vs. Betts Machine Co.*, 61 *Md.*, 182. But they do not justify us in expanding or enlarging the scope of our own insolvent system.

With regard to the second question, the omission of the letters *i n* before the word " sufficient," in that part of the deed directing a *pro rata* distribution of assets, if they should be " —sufficient " to pay in full, it is only necessary to say that the omission is a palpable inadvertence, and cannot, without disregarding settled rules, be allowed to impair the validity of the deed. No one can read the instrument without seeing at a glance its real meaning. It is " the fixed policy of the law to give effect to the real meaning of documents, without regard to inadvertent lapses of a merely verbal character." *Farrell vs. Mayor, &c. of Baltimore*, 75 *Md.*, 496, *and cases there cited.*

We deem a further elaboration of the questions we have discussed unnecessary, and for the reasons we have assigned, we will reverse the order appealed from.

*Order reversed, with costs.*